W. R. SMITH, Appellant,

v.

CANEY CREEK ESTATES CLUB, INC., Appellee.

No. 2563cv.

Court of Appeals of Texas, Corpus Christi.

March 31, 1982.

Rehearing Denied April 15, 1982.

**234**

William M. LauBach, Pasadena, for appellant.

William J. Rohrbach, Jr., Houston, for appellee.

## OPINION

PER CURIAM.

Appellant has filed a motion for extension of time to file appeal bond.

On October 28, 1981, judgment was entered by the trial court in a non-jury trial held before the 23rd Judicial District Court in Matagorda County. On November 24, 1981, twenty-six (26) days after the judgment was signed, a motion for new trial was filed. Rule 329b(a), T.R.C.P. On January 11, 1982, the seventy-fifth day after the judgment was signed, the trial court granted appellant's motion for new trial. Rule 329b(c), T.R.C.P. On February 1, 1982, ninety-six (96) days after the judgment was signed, the trial court granted a motion by the appellee to reconsider its order granting a new trial. Subsequently, the trial court vacated its order granting a new trial and reinstated its judgment entered on October 28, 1981. The appellant complains that since the ninety (90) day period for perfecting appeal has now passed, he must seek an extension of time in which to file his appeal bond.

The issue before us is whether a trial court can grant a new trial and then vacate its order granting the new trial and reinstate the original judgment after the seventy-five day period allowed by Rule 329b(c), T.R.C.P. has passed. This Rule provides:

"In the event an original or amended motion for new trial is not determined by written order signed within seventy-five days after the judgment is signed, it shall be considered overruled by operation of law on expiration of that period."

■ The trial court appears to have erroneously relied on Rule 329b(e) for its authority to vacate its order granting the new trial and reinstating its judgment of October 28, 1981, after the seventy-five day period allowed by Rule 329b(c). However, a close inspection of Rule 329b(e) reveals that the trial court is not granted such authority.

Rule 329b(e) provides:

"If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial *or* to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." (emphasis ours).

The purpose of the amendment to the civil rules, which became effective January 1, 1981, is to provide judges and practicing attorneys simply stated directions and timetables for appealing civil cases. Insofar as new trials are concerned, definite periods of time are prescribed in which certain actions are to be taken. These actions are controlled by specific rules.

■ In the case before us, the trial court granted the motion for new trial on the seventy-fifth day and thus made a "determination" as specified by Rule 329b(c). While there is a thirty-day extension provision contained in Rule 329b(e), that provision allows for a new trial to be granted *or* for a judgment to be vacated, modified, corrected or reformed until thirty days after a motion for new trial is *overruled*, either by order or by operation of law. Here, the motion for new trial was granted, not overruled, therefore, Rule 329b(e) is not applicable. There is no provision which can

be construed as extending a trial court's authority over a motion granting a new trial when the seventy-five days have elapsed in which it must be determined or considered overruled by operation of law.

■ Furthermore, under the circumstances of this case, the trial court's action in granting a new trial and then vacating its order granting the new trial after the seventy-five day period allowed by Rule 329b(c) violates the provisions of Rule 5 which expressly says that a court "may not enlarge the period for taking any action under the rules relating to new trials or motions for rehearing except as stated in the rules relating thereto. . . ." *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823 (1961); *Risher v. Risher,* 547 S.W.2d 292 (Tex.Civ. App.—Dallas 1977, writ dismissed). The trial court's attempt to vacate its order granting a new trial, and reinstate the judgment of October 28, is an action tantamount to overruling appellant's motion for new trial some ninety-six days after it was filed. This is in direct conflict with Rule 329b(c). It was not the intention of Rule 329b that an order granting a new trial should remain open to countermand until after the time for perfecting appeal has passed.

We hold that the trial court had no authority to vacate its order granting a new trial after the seventy-five days allowed by Rule 329b(c) had passed. The last effective judicial action taken during the seventy-five day period was to grant appellant a new trial. Appellant's motion for extension of time to file appeal bond is denied. The (attempted) appeal is dismissed. The case should be put on the trial court docket as soon as practical.