## ESSEX INTERNATIONAL LIMITED, Appellant,

v.

## Lee F. WOOD and Lee Petroleum Company, Appellee.

No. 05–82–00023–CV.

Court of Appeals of Texas, Dallas.

Feb. 7, 1983.

Khent H. Rowton, Dallas, for appellant.

Bruce W. Bowman, Jr., Dallas, for appellee.

Before GUITTARD, C.J., and SPARLING and FISH, JJ.

GUITTARD, Chief Justice.

This appeal raises the issue of whether the trial judge abused his discretion in dismissing the suit for want of prosecution. We hold that the record fails to show an abuse of discretion. Consequently, we affirm.

The proceedings in the trial court are not fully shown in this record, which contains only a transcript. Plaintiff's original petition was filed January 22, 1981. After answering, defendants filed a motion to quash a notice to take a deposition. The next relevant document in the transcript is an order of dismissal for want of prosecution dated October 12, 1981, reciting that the cause was regularly reached on the docket for trial and that plaintiff failed to appear and prosecute. Within the thirty-day period for filing a motion for new trial provided by rule 329b of the Texas Rules of Civil Procedure, plaintiff filed an unsworn motion to reinstate, alleging that plaintiff had received no notice of the court's intention to dismiss for want of prosecution and had not failed to prosecute. On November 2 the judge signed an order granting the motion to reinstate and vacating the order of dismissal. Defendants then filed a motion to strike the order of November 2, alleging that plaintiff's motion to reinstate failed to comply with rule 165a of the Texas Rules of Civil Procedure in that it was unsworn and set forth no reasons for reinstatement. This motion also alleges that the November 2 order was signed without notice to defendants and without the hearing required by rule 165a.

Apparently in response to defendant's motion, plaintiff filed the affidavits of three attorneys for plaintiff. Each attorney stated that he had received no notice of the court's intention to dismiss the case for want of prosecution before receiving a copy of the order of dismissal. The next relevant document is a "judgment" signed December 11, 1981. This order, which we treat as an order overruling plaintiff's motion to reinstate, is as follows:

> Came on to be heard the Motion to Dismiss and Strike Order filed by LEE F. WOOD and LEE PETROLEUM CORPORATION, Defendants in the above-referenced case and the Court having considered the Motion, the Order reinstating the cause dated November 2, 1981, the Motion for Reinstatement filed on or about October 23, 1981 by the Plaintiffs herein the Brief of Plaintiff in opposition to Defendant's Motion to Strike and the affidavits attached thereto, and the appli-

cable Rules of Civil Procedure is of the opinion that said *Motion to Dismiss* [and Strike] should be granted for the reasons that a hearing was not had on said Motion to Reinstate and sufficient reasons were not presented by the Plaintiff to cause reinstatement, as required by Rule 165A of the Texas Rules of Civil Procedure. And accordingly, the Order dated November 12, [sic] 1981 reinstating the cause is hereby struck and held vacated and for nought and the Order of Dismissal for Want of Prosecution, dated October 12, 1981 is continued in full force and effect. [Emphasis added.]

Although the appeal bond recites that the "judgment" was rendered December 11, the bond was filed within ninety days of the original order of dismissal and, therefore, we treat it as perfecting an appeal from that order. Tex.R.Civ.P. 356.

■ On this appeal plaintiff contends, first, that the trial court abused its discretion in dismissing the case for want of prosecution because the case had not been on file an unreasonable length of time and no delay of unreasonable duration had occurred. Plaintiff points out that the suit was filed on January 22, 1981, and that less than nine months had elapsed on October 12, when the case was dismissed. Although the lapse of this period, without more, may not have been a sufficient ground for the dismissal, this does not appear to be the ground on which the case was dismissed. The order of dismissal recites that the case was regularly called for trial and that plaintiff failed to appear and prosecute. Such a failure to appear for trial is one of the grounds for dismissal expressly recognized in rule 165a. If a case is regularly called for trial, the plaintiff cannot ignore a trial setting with impunity even though the case has been pending less than a year. Consequently, no abuse of discretion is shown by reason of the shortness of the period between filing the suit and the order of dismissal.

In its second point plaintiff complains that the trial court had ample authority to reinstate the case on plaintiff's motion and that vacation of the order of reinstatement without hearing any evidence deprived plaintiff of its right to be heard on the propriety of the dismissal. The record does not show whether any evidence was offered at the hearing on December 11, or whether the judge declined to hear evidence. The recitals in the order, however, indicate that the court's ruling was made on the basis of the sufficiency of the motion to reinstate without hearing evidence. Consequently, we consider the question to be one of sufficiency of the motion to state grounds on which the court was required to hear evidence.

In this connection we consider also plaintiff's third point, which complains that the court should have considered the motion to reinstate as a motion for new trial, since it complied with all the requirements of a motion for new trial and was filed within the time allowed by rule 329b of the Texas Rules of Civil Procedure. Plaintiff insists that when the motion to reinstate is considered as a motion for new trial, the court had ample authority to grant the motion, regardless of the requirements of rule 165a for a motion to reinstate.

■ We agree that the court had authority, on November 2 to reinstate the case and put it back on the docket for trial because within thirty days after the order of dismissal, the court had plenary power under subdivision (d) of rule 329b to vacate the order of dismissal with or without a motion. *Bray v. Bray,* 618 S.W.2d 93, 96 (Tex.Civ. App.—Corpus Christi 1981, writ dism'd) *see Mathes v. Kelton,* 569 S.W.2d 876, 878 (Tex. 1978). If the motion to reinstate is considered as a motion for new trial, as plaintiff urges, the order of reinstatement was equivalent to an order granting a new trial. The question is whether, having granted a new trial, the court could then vacate its order granting a new trial and adhere to its original judgment instead of hearing evidence and rendering a new judgment.

■ The answer indicated by the decisions is that within the time allowed for ruling on the motion for new trial the court may vacate its order granting a new trial

and consider the motion as if it had never been ruled on. *See Hilatex, Inc. v. State,* 401 S.W.2d 269, 271 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.). Beyond that time the court loses its power to reconsider the motion, and the case stands on the docket for trial as if no judgment had been rendered. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 826–27 (Tex.1961).

■ In the present case, since the order of dismissal was signed on October 12, the hearing of December 11 was within the seventy-five day period allowed by rule 329b(c) for ruling on a motion for new trial. The order of December 11 "vacated" the order of reinstatement and "continued" the original dismissal in force, thus, in effect, overruling the motion to reinstate. Since, as we interpret the record, vacation of the order of November 2 would leave the motion to reinstate pending unless otherwise ruled on, the court had authority to vacate the order of November 2 and also to rule on the motion to reinstate on the basis of the record at the hearing on December 11, including the motion and its supporting affidavits. Whether the court was required to hear evidence on the motion depends on whether the motion and affidavits present a ground on which evidence should have been heard.

We conclude that the motion does not present a sufficient ground for reinstatement, even if it is considered together with the affidavits as a verified motion. The only grounds alleged in the motion and supporting affidavits are that plaintiff did not fail to prosecute because the case was less than a year old and plaintiff's attorney did not receive any notice of the court's intent to dismiss the case for want of prosecution. They are insufficient because they do not address the ground of dismissal recited in the order, namely, that plaintiff had failed to appear for trial. Neither the motion nor the affidavits state that plaintiff's attorney had no notice of the trial setting.

■ Notice of intent to dismiss is not required by rule 165a when the ground of dismissal is failure to appear for trial. The rule recognizes alternative grounds of dis-

missal for want of prosecution. A case may be dismissed either (1) "on failure of any party seeking affirmative relief or his attorney to appear for any hearing or trial of which he had notice," or (2) "on failure of such party or his attorney to take some other action specified by the court within fifteen days after mailing of notices of the court's intention to dismiss the case for want of prosecution." In a case falling within the first alternative, when a case is dismissed for failure of a party to appear for a trial of which he had notice, it is immaterial whether the party had notice of the court's intention to dismiss. Since the ground of dismissal recited in the order falls within the first alternative, we hold that plaintiff's allegation of lack of notice of the court's intention to dismiss does not state grounds on which the court was required to hear evidence. Consequently, the court did not abuse its discretion in overruling the motion to reinstate and adhering to its original order of dismissal.

At oral argument plaintiff's counsel asserted that none of the attorneys for plaintiff had notice of the trial setting. We find nothing in the record to show that they did or did not have such a notice. Since this ground does not appear to have been raised in the trial court, we have no authority to consider it. *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982). Consequently, we hold that no abuse of discretion is shown.

Affirmed.