**Pedro ALVAREZ, Relator,**

v.

**Honorable Jane Akin BRASCH, 103rd Judicial District Court of Cameron County, Texas, Respondent.**

**No. 13–88–075–CV.**

Court of Appeals of Texas, Corpus Christi.

March 24, 1988.

Rehearing Denied April 14, 1988.

Randall P. Crane, San Benito, for relator.

Craig H. Vittitoe, Harlingen, for respondent.

Before DORSEY, UTTER and BENAVIDES, JJ.

OPINION

DORSEY, Justice.

Relator, Pedro Alvarez, seeks a writ of mandamus against the Honorable Jane Akin Brasch, Judge of the 103rd District Court of Cameron County, ordering her to hold a new trial. We conditionally grant the writ.

Relator brought a worker's compensation suit against Farmland Mutual Insurance Company. Pursuant to the jury's verdict, the trial court entered a take-nothing judgment. Relator timely filed a motion for new trial, contending that the jurors had misanswered one of the special issues due to a clerical error. He attached affidavits of eleven jurors in support. The trial court timely granted the motion for new trial fifty-five days after entry of the original judgment.

The defendant, Farmland, then filed a motion to vacate the new trial order seventy-one days after entry of the original judgment. After hearing the motion to vacate, over ninety days after entering the initial take-nothing judgment, the court vacated

its new trial order and entered a reformed judgment.

Relator seeks mandamus arguing that the trial court lost plenary power to vacate or otherwise alter the order granting a new trial, because more than seventy-five days had elapsed between entry of the original judgment and the purported reformed judgment, citing Tex.R.Civ.P. 329b(c). We agree.

This Court has previously addressed this issue. In *Smith v. Caney Creek Estates Club, Inc.*, 631 S.W.2d 233 (Tex.App.—Corpus Christi 1982, no writ), a motion for new trial was granted on the seventy-fifth day after the judgment was signed. The trial court later vacated its new trial order and reinstated its original judgment. Interpreting Rule 329b, we held that section (c) grants plenary power to the trial court only for seventy-five days, after which it has no power to revoke its new trial order. *Id.* at 234–35. We further held that section (e), which extends the court's plenary power for an additional thirty days, by its terms only applies where the motion for new trial has been *overruled*, not granted. *Id.; see also Wood v. Component Construction Corp.*, 722 S.W.2d 439, 441–42 (Tex.App.—Fort Worth 1986, no writ). We reaffirm the principles announced in *Smith*.

The trial court is without power to revoke its order granting a new trial after seventy-five days have elapsed from the signing of the original judgment. Rule 329b.

Farmland argues that the trial court did not *order* a new trial but merely granted the *motion* for a new trial. We see this as a distinction without a difference and the effect is the same. We note that Farmland's motion after the court granted the motion for new trial was captioned, "Motion for Hearing to Vacate Order Granting New Trial."

In attempting to distinguish *Smith*, Farmland contends section (e) of Rule 329b applies because the trial court implicitly overruled a portion of the motion for new trial by not granting the latter part of relator's prayer for a new trial, which sought "such other and further relief to which plaintiff may be justly entitled...." Farmland argues that since the court granted only a new trial, it implicitly overruled any "further relief," thereby extending the court's plenary power under section (e).

We disagree. Undeniably, relator's motion sought a new trial, and granting the new trial rendered moot other relief that may have been sought by the relator/plaintiff.

The trial court had no power to vacate its new trial order after seventy-five days had elapsed from the entry of the original judgment. The order of vacation and the reformed judgment are void. The last valid order was that granting a new trial, which we hereby order reinstated.

Mandamus will issue only if the honorable trial judge refuses to enforce the order granting the new trial.