William HUNTER, Relator,

v.

Michael J. O'NEILL, Judge Presiding,
193rd Judicial District Court of Dallas
County, Texas, Respondent.

No. 05–93–00217–CV.

Court of Appeals of Texas,
Dallas.

May 5, 1993.

Fred C. McDaniel, DeSoto, for appellant.

James P. Pruitt, Dallas, for appellee.

Before LAGARDE, MALONEY and
MORRIS, JJ.

## OPINION

LAGARDE, Justice.

This is a mandamus action against the Honorable Michael J. O'Neill. William Hunter, relator, petitions this Court to order Judge O'Neill to vacate his order denying a new trial. We conclude that Hunter is entitled to mandamus relief and, accordingly, conditionally grant his petition for writ of mandamus.

Timetables under both the rules of civil procedure and the rules of appellate procedure determine the outcome of this case. The following is a list of the pertinent events and the dates on which they occurred:

| | |
|---|---|
| August 7, 1992 | Judgment signed |
| August 24, 1992 | Motion for new trial filed |
| October 21, 1992 | Seventy-five days from date of judgment (motion for new trial overruled by operation of law) |
| November 5, 1992 | Appeal bond due |
| November 10, 1992 | Order granting motion for new trial signed |
| November 11, 1992 | Motion to reconsider filed |
| November 20, 1992 | Order denying motion for new trial |
| November 20, 1992 | Last date to extend time to file a cost bond |
| December 21 & 23, 1992 | Hunter attempts to file a motion and amended motion for extension to file cost bond |
| December 28, 1992 | Clerk of this Court sends letter stating no jurisdiction to file extension motions |

A timely motion for new trial not ruled on by written order within seventy-five days after the judgment is signed is over- ruled by operation of law. Tex.R.Civ.P. 329b(c). With regard to a trial court's au-

thority after the expiration of seventy-five days, section (e) of rule 329b provides:

> (e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has *plenary power to grant a new trial* or to vacate, modify, correct, or reform the judgment *until thirty days after all such timely-filed motions are overruled,* either by a written and signed order or by operation of law, whichever occurs first.

TEX.R.CIV.P. 329b(e) (emphasis added). A party must perfect its appeal within ninety days from the date of judgment if a timely motion for new trial is filed. TEX.R.APP.P. 41(a)(1). A party has an additional fifteen days to file a motion for extension, accompanied by an appeal bond, to perfect an appeal. TEX.R.APP.P. 41(a)(2).

■ In this case, Hunter's motion for new trial was overruled by operation of law on October 21, 1992. The trial court had limited plenary jurisdiction over the judgment for an additional thirty days or until November 20, 1992.[1] TEX.R.CIV.P. 329b(e). During that thirty-day period, the trial court, properly exercising its limited plenary power, *granted* Hunter's motion for new trial. On the thirtieth day of the additional thirty-day period, responding to a motion to reconsider, the trial court *denied* Hunter's motion for new trial. The trial court did not vacate its previous grant of the new trial nor did it reinstate the judgment. Hunter contends that the trial court, after the expiration of the seventy-five day period, did not have the authority to *deny* a previously granted motion for new trial.[2]

■ An order granting a motion for new trial is an interlocutory order and unappealable. The case stands upon the docket as if no judgment had been entered. *B.F. Walker, Inc. v. Chaney,* 446 S.W.2d 896, 897 (Tex.Civ.App.—Amarillo 1969, writ ref'd n.r.e.). Within the time allowed for ruling on the motion for new trial, the trial court may vacate its order granting a new trial and consider the motion as if it had never been ruled on. *Essex Int'l Ltd. v. Wood,* 646 S.W.2d 322, 324–25 (Tex.App.—Dallas 1983, no writ).

In addition to rule 329b(e), Hunter relies on *Homart Development Company v. Blanton,* 755 S.W.2d 158, 159 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding), and *Alvarez v. Brasch,* 747 S.W.2d 551, 552 (Tex.App.—Corpus Christi 1988, orig. proceeding), to support his contention that the trial court did not have authority to deny the previously granted motion for new trial. *Homart* and *Alvarez* stand for the proposition that when a trial court grants a motion for new trial within the seventy-five day period and later vacates that order after the expiration of seventy-five days, mandamus relief will lie to order the trial court to enforce the order granting a new trial. Although *Homart* and *Alvarez* differ from the facts in this case in that Hunter's motion for new trial was not granted until after the seventy-five days had expired, we do not find this difference to be significant. This Court has previously held, following rule 329b, that a trial court may vacate an order of dismissal only within seventy-five days of the date of judgment, not afterward. *Essex Int'l Ltd.,* 646 S.W.2d at 324–25.

Read literally, section (e) of rule 329b gives the trial court an additional thirty days of plenary power but limits that power to ruling on motions for new trial that

---

1. *See generally Humble Exploration Co. v. Browning,* 690 S.W.2d 321 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), *cert. denied,* 475 U.S. 1065, 106 S.Ct. 1376, 89 L.Ed.2d 602 (1986), for discussion of the proper exercise of a court's plenary jurisdiction when limited by rule.

2. Audrey Peterson, real party in interest, contends that on October 15, 1992, she was notified that Hunter's motion for new trial would be heard on November 11, 1992. She says that sometime prior to November 11, 1992, the clerk of the trial court notified Hunter that the hearing date was changed to November 10, 1992. Peterson states that she was not notified of the change and was present on November 11, 1992, at which time she learned that the trial court granted the motion the day before. She contends that the trial court granted Hunter's motion for new trial solely because she failed to appear. Peterson argues that because she did not receive notice of the change in the hearing date, the trial court, under an equitable standard, reconsidered its ruling and thereafter entered an order denying Hunter a new trial.

have been overruled, not granted. TEX. R.CIV.P. 329b(e). The Texas Supreme Court has interpreted an earlier version of rule 329b in this manner. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823 (1961) (orig. proceeding). When *Fulton* was decided, a trial court had forty-five days, in contrast to the present seventy-five days, to act on a motion for new trial before it was overruled by operation of law. *Fulton,* 162 Tex. at 355, 346 S.W.2d at 826–27. In *Fulton,* the relator's motion for new trial was granted within forty-five days of the judgment and the trial court vacated that order after forty-five days expired. In conditionally granting mandamus, the supreme court held that after a motion for new trial is granted the trial court may vacate such order only within forty-five days of the date of judgment. The court noted: "While there is a thirty-day provision contained in [the rule] relating to judgments and orders overruling motions for new trial, there is no provision which can be construed as extending a trial judge's authority over a motion granting a new trial for an additional thirty-day period." *Id. See Fruehauf Corp. v. Carrillo,* 848 S.W.2d 83 (Tex.1993).

Rule 329b(e) is specific. Where a rule authorizes a court to act in a specific manner, a court may not act otherwise. *See generally Humble Exploration Co. v. Browning,* 690 S.W.2d 321 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), *cert. denied,* 475 U.S. 1065, 106 S.Ct. 1376, 89 L.Ed.2d 602 (1986).

We conclude that the trial court improperly exercised its limited plenary power under rule 329b(e) and, thus, acted without authority when it entered the order on November 20, 1992, denying Hunter's motion for new trial. Hunter's petition for writ of mandamus is conditionally granted.