NO. 07-00-0289-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 19, 2000

______________________________

SEARCY M. FERGUSON, JR., ET AL., APPELLANTS

V.

GLOBE-TEXAS COMPANY, AND HEADINGTON OIL 

PROPERTIES, INC., APPELLEES

_________________________________

FROM THE 46
TH
 DISTRICT COURT OF HARDEMAN COUNTY;

NO. 8637; HONORABLE TOM NEELY, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

In this proceeding, appellants Searcy M. Ferguson, Jr., S.M. Ferguson, Jr.,  Inc. a/k/a S.M. Ferguson, Inc. and Searcy M. Ferguson III Trust attempt to appeal a take-nothing judgment in favor of appellees Globe-Texas Company and Headington Oil Properties, Inc.  Because we are required to dismiss this appeal, we will recount the procedural history of the underlying case.

The original trial judgment was in favor of appellees and was signed on February 8, 2000.  A timely motion for new trial was filed on March 3, 2000.  Tex. R. Civ. P. 329b(a).  An amended motion for new trial was filed on March 27, 2000, which was not within the 30-day period from the date of the judgment prescribed by the procedural rules.  
See
 Tex. R. Civ. P. 329b(b).  It is the rule that any motion or amendment filed after the expiration of the 30-day time period is untimely and cannot be considered by the trial court.  
Bell v. Showa Denko K.K.
, 899 S.W.2d 749, 757 (Tex.App.--Amarillo 1995, writ denied); 
Voth v. Felderhoff
, 768 S.W.2d 403, 412 (Tex.App.--Fort Worth 1989, writ denied); 
L.B. Foster Co. v. Glacier Energy, Inc., 
714 S.W.2d 48, 49
 (
Tex.App.--San Antonio 1986, writ ref’d n.r.e.).  That being so, the only new trial motion that could be considered by us is the timely filed original motion for new trial.

On April 20, 2000, the trial court signed an order which, after reciting the trial court had considered “the Plaintiffs’ Amended Motion for New Trial and to Correct and/or Reform Judgment,” ended up reciting that the “Plaintiffs’ Motion for New Trial is granted. . . .”  Because the order itself does not specify the basis upon which it was granted, the recitation pertaining to the untimely filed amended motion is not necessarily fatal to the validity of the order granting the new trial.  A number of the bases asserted for a new trial were the same in both the original and the amended motions.  Thus, there is no way to determine exactly the basis upon which the new trial was granted.

It is well established that every reasonable presumption should be indulged in favor of the trial court’s ruling on a motion for new trial.  
Texas & N.O.R. Co. v. Scarborough
, 101 Tex. 436, 108 S.W. 804, 806 (1908); 
see also Burnett v. Meletio, 
351 S.W.2d 912, 914-15 (Tex.Civ.App.--Dallas 1961, writ ref’d n.r.e.).  The order granting the new trial was executed within the 75-day period before it would be overruled by operation of law.  
See
 Tex. R. Civ. P. 329b(c).  For the purposes of our discussion, then, we will assume that the motion for new trial was properly granted.

On May 8, 2000 and May 10, 2000, motions to reconsider the order granting the new trial were filed.  These motions were granted on May 19, 2000, and the February 8, 2000 judgment was reinstated.  However, as is obvious, these motions were not granted within 75 days after the signing of the judgment.

A trial court may only vacate an order granting a new trial during the period when it continues to have plenary power.  
Porter v. Vick
, 888 S.W.2d 789 (Tex. 1994); 
Fulton v. Finch
, 162 Tex. 351, 346 S.W.2d 823, 826 (1961). The majority of courts that have considered the matter have held that, absent the exception provided in Texas Rule of Civil Procedure 329b(e), the trial court’s plenary power only continues in effect for 75 days after the date the judgment is signed.  
See In re Marriage of Wilburn
, 18 S.W.3d 837, 843 n.3 (Tex.App.--Tyler 2000, no pet.); 
Hunter v. O’Neill
, 854 S.W.2d 704, 705 (Tex.App.--Dallas 1993, no writ);
 Homart Development Co. v. Blanton
, 755 S.W.2d 158, 159 (Tex.App.--Houston [1
st
 Dist.] 1988, no writ); 
Smith v. Caney Creek Estates Club, Inc.
, 631 S.W.2d 233, 236 (Tex.App.--Corpus Christi 1982, no writ); 
see also Fruehauf Corp. v. Carrillo
, 848 S.W.2d 83, 84 (Tex. 1993).  
But see Biaza v. Simon
, 879 S.W.2d 349, 357 (Tex.App.--Houston [14
th
 Dist.] 1994, writ denied) (holding that trial court has 105 days to “ungrant” a motion for new trial because plenary authority continues until a final judgment is entered).

Texas Rule of Civil Procedure 329b(e) provides:

If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.   

The cases which we have cited above, with the exception of 
Biaza
, hold that the 30-day extension, by its express terms, does not apply to the “ungranting” of a new trial motion, but only applies to the granting of a new trial, or the vacation, modification, correction, or reformation of a judgment if the motion for new trial was previously overruled. 

Recognizing that if we agreed with the majority interpretation, we would have to dismiss this appeal for lack of jurisdiction, we notified appellees to show cause why the appeal should not be dismissed.  In responding, appellees argue that the rule does not specifically state that the trial court may “ungrant” a motion for new trial during the 30-day extension period provided for by Rule 329b(e) because it is unnecessary to do so.  They reason that once the trial court initially grants a new trial motion, which is an interlocutory order, the trial court invests itself with full authority over the case until a final judgment is entered.  Thus, they posit, because that is true, the court may at any time “ungrant” its previous grant of the new trial motion. They cite two Houston Court of Appeals decisions which follow that theory, namely 
Biaza, 
879 S.W.2d at 357 and 
Gates v. Dow Chemical Co.
, 777 S.W.2d 120, 124 (Tex.App.--Houston [14
th
 Dist.] 1989),
 judgment vacated by agr.
, 783 S.W.2d 589 (Tex. 1989). 

Noting its logic, appellants also cite a federal Fifth Circuit case, 
Gallimore v. Missouri Pac. R. Co., 
635 F.2d 1165 (5
th
 Cir. 1981).  In that case, the trial court granted a motion for new trial and a new trial was held, but the trial court then overruled (ungranted) the original motion for new trial and entered judgment on the original verdict.  
Id
. at 1170-71.  Although the appellate court lamented the waste of resources that went into the second trial, it held the trial court continued to have plenary power over the trial until final judgment and could exercise that power to “ungrant” or overrule the first trial new trial motion and enter judgment on the first verdict.  
Id.  
The court also noted that although Federal Rule of Civil Procedure 59(d) limited the power of a trial court to grant a new trial on its own initiative to a time not later than 10 days after entry of judgment, “there is nothing within its principles that precludes the court, on its own initiative, from vacating an order granting a new trial.”  
Id. 
 at 1171 (quoting 6A J. Moore, Federal Practice ¶ 59.13[2], at 59-258 to -259 (2d ed. 1979)).

It is obvious from the split of authority that there is some logic to appellees’ argument.  However, we believe that the better reasoning is to interpret Rule 329b(e) according to its plain meaning as the majority decisions have done.  The rule is clear and unambiguous in stating the types of powers to which it applies.  In such instances, it is the rule that in interpreting such rules or statutes, courts should not construe them to mean something other than their plain words, unless application of the literal language would produce an absurd result.  
See Fleming Foods of Texas, Inc. v. Rylander
, 6 S.W.3d 278, 284 (Tex. 1999).

We have not overlooked appellees’ argument that restricting a trial court from overturning an order granting a new trial would impair the trial court’s authority to enter orders for the efficient administration of the court.  
See Gates
, 777 S.W.2d at 124.  However, as demonstrated in the 
Gallimore 
case, an interpretation that would allow a trial court to grant a new trial, hold a second trial, and then go back and overrule the motion for new trial and enter a judgment on the first verdict does not significantly contribute to the efficient administration of any court.  

We agree with, and adopt, the holding that a trial court may only vacate an order granting a new trial during the period in which its plenary power continues, and that plenary power only continues in effect for 75 days after the date the judgment is signed.

Accordingly, because we lack jurisdiction to consider this appeal, it must be, and is hereby, dismissed.  

John T. Boyd

Publish. Chief Justice