**In re Charles STEIGER, Relator.**

No. 13–01–355–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 9, 2001.

---

**5.** The City did not file a cross-motion for    summary judgment.

Esther Cortez, McAllen, Attorney for Relator.

Barry R. Benton, Brownsville, Attorney for Real Party–In–Interest.

Judge Abel C. Limas, 357th District Court, Brownsville, Respondent.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

HINOJOSA, Justice.

Relator, Charles Steiger, filed a petition for a writ of mandamus asking this Court to order the respondent, the Honorable Abel Limas, Presiding Judge of the 404th District Court of Cameron County, to vacate an order "ungranting" a new trial in Cause No. 97–09–6016–E. The real parties-in-interest, Juan Manuel Sanchez and Ester Sanchez, individually, and Maria Evelia Villarreal, individually and as next friend for Pedro Villarreal, Jr., have filed a response to the petition for a writ of mandamus. *See* TEX.R.APP. P. 52.4. Without hearing oral argument, we conditionally grant the petition for a writ of mandamus. TEX.R.APP. P. 52.8.

### A.  BACKGROUND

On September 25, 1997, the real parties-in-interest filed suit in the 357th District Court of Cameron County, Texas, against Steiger for personal injuries they received in a two-car accident.  Steiger failed to

timely file an answer, and the real parties-in-interest took a default judgment on October 30, 1997.

On November 14, 1997, Steiger filed a motion for new trial, and a hearing on the motion was set for December 18, 1997. Before the hearing, the parties agreed to a new trial and submitted an order to the court on December 30, 1997, with the signatures of both parties' counsels. The order granting the motion for new trial was signed on January 13, 1998 by the Honorable Rogelio Valdez, Presiding Judge of the 357th District Court.

On December 15, 2000, Judge Valdez signed an order transferring all civil and criminal cases then pending in the 357th District Court to the 107th District Court of Cameron County. Judge Benjamin Euresti, Jr., Presiding Judge of the 107th District Court and Administrative Judge for the District Courts of Cameron County, approved the transfer. Judge Euresti subsequently transferred, effective January 1, 2001, the cases he received from the 357th District Court to the newly-created 404th District Court of Cameron County.[1] Thus, on January 1, 2001, Cause No. 97–09–6016–E was transferred to the 404th District Court.

On March 27, 2001, the real parties-in-interest filed a motion to vacate the order granting the motion for new trial. Respondent heard the motion on May 3, 2001, and signed an order on May 9, 2001, "ungranting" the new trial.

## B. STANDARD OF REVIEW

■ Mandamus is an extraordinary writ which should be issued only when there has been a clear abuse of discretion committed by the trial court and there exists no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–40

(Tex.1992). Mandamus is appropriate to correct a void order of the trial court. *Urbish v. 127th Judicial Dist. Ct.,* 708 S.W.2d 429, 431 (Tex.1986); *Texas v. Ferguson,* 133 Tex. 60, 63, 125 S.W.2d 272, 274 (1939) (orig. proceeding); *McGrew v. Heard,* 779 S.W.2d 455, 457 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding). "An order is void when a court has no power or jurisdiction to render it." *Urbish,* 708 S.W.2d at 431.

## C. ANALYSIS

■ Steiger argues that the trial court lost power to vacate the order granting the motion for new trial, because more than seventy-five days had elapsed between the entry of the original judgment and the order vacating the order granting the new trial. We agree.

Texas Rule of Civil Procedure 329b(a) requires that a motion for new trial be filed not more than thirty days after the judgment is signed. TEX.R. CIV. P. 329b(a). If a motion for new trial is timely filed, rule 329b(c) gives the trial court seventy-five days to rule on the motion. TEX.R. CIV. P. 329b(c). If the court overrules the motion, it retains plenary power to vacate or alter the judgment "until thirty days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." TEX.R. CIV. P. 329b(e).

■ A trial court may only vacate, or "ungrant," an order granting a new trial during the period when it continues to have plenary power. *Porter v. Vick,* 888 S.W.2d 789, 789–90 (Tex.1994); *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 826 (1961). The majority of the courts that have considered this issue have held that, absent the exception provided in rule 329b(e), the trial court's power continues

---

**1.** *See* TEX. GOV'T CODE ANN. § 24.548 (Vernon    Supp.2001).

in effect for seventy-five days after the date the judgment is signed. *Ferguson v. Globe–Texas Co.,* 35 S.W.3d 688, 690–92 (Tex.App.—Amarillo 2000, pet. denied); *In re Ellebracht,* 30 S.W.3d 605, 607 (Tex. App.—Texarkana 2000, no pet.); *In re Marriage of Wilburn,* 18 S.W.3d 837, 843 n. 3 (Tex.App.—Tyler 2000, no pet.); *Hunter v. O'Neill,* 854 S.W.2d 704, 705 (Tex.App.—Dallas 1993, no writ); *Homart Dev. Co. v. Blanton,* 755 S.W.2d 158, 159 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Alvarez v. Brasch,* 747 S.W.2d 551, 552 (Tex.App.—Corpus Christi 1988, orig. proceeding); *Smith v. Caney Creek Estates Club, Inc.,* 631 S.W.2d 233, 235 (Tex. App.—Corpus Christi 1982, no writ); *see also Fruehauf Corp. v. Carrillo,* 848 S.W.2d 83, 84 (Tex.1993) ("A trial court has plenary power over its judgment until it becomes final.... Denying the trial court the authority to reconsider its own order for new trial during the 75–day period needlessly restricts the trial court, creates unnecessary litigation, and is inconsistent with the notion of inherent plenary power vested in the trial courts."). *But see Biaza v. Simon,* 879 S.W.2d 349, 357 (Tex.App.—Houston [14th Dist.] 1994, writ denied) (holding that trial court has 105 days to "ungrant" a motion for new trial because plenary power continues until a final judgment is entered).

■ This Court, having previously addressed the present issue in *Alvarez* and *Smith,* reaffirms the principles announced in our prior opinions. Rule 329b(c) grants authority to the trial court for only seventy-five days, after which it has no power to revoke an order granting a new trial. *See Alvarez,* 747 S.W.2d at 552; *Smith,* 631 S.W.2d at 234–35. Rule 329b(e), which extends the court's plenary power for an additional thirty days, applies only when a motion for new trial has been overruled, not granted. *See Alvarez,* 747 S.W.2d at

552; *Smith,* 631 S.W.2d at 234–35; *In re Dickason,* 987 S.W.2d 570, 571 (Tex.1998). There is no provision in rule 329b which can be construed as extending a trial court's authority over a motion granting a new trial when the seventy-five days have elapsed in which it must be determined or considered overruled by operation of law. *Smith,* 631 S.W.2d at 234–35.

■ We are aware that the Houston 14th Court of Appeals does not agree with the majority view. *See Biaza,* 879 S.W.2d at 357 (reasoning that once the trial court initially grants a new trial motion, which is an interlocutory order, the trial court invests itself with full authority over the case until a final judgment is entered; thus, the court may at any time "ungrant" its previous grant of a new trial motion). We believe, however, that the better approach is to interpret rule 329b according to its plain meaning. The rule is clear and unambiguous in stating the types of powers to which it applies. In such instances, courts should not construe rules or statutes to mean something other than their plain words, unless application of the literal language would produce an absurd result. *See Fleming Foods of Tex., Inc. v. Rylander,* 6 S.W.3d 278, 284 (Tex.1999).

We hold the trial court did not have authority to "ungrant" the new trial more than seventy-five days after the judgment was signed. *See* Tex.R. Civ. P. 329b; *Porter,* 888 S.W.2d at 789–90. Accordingly, we hold respondent's order of May 9, 2001, "ungranting" the motion for new trial, to be void.

■ In their response to Steiger's petition for a writ of mandamus, the real parties-in-interest contend that the trial court conditioned the granting of the new trial motion upon Steiger's payment of attorney's fees. Where a default judgment has been rendered, trial courts are permitted to grant new trials conditioned upon

the payment of attorney's fees, expenses for witnesses, travel and other costs incurred in obtaining the default judgment. *Equitable Gen. Ins. Co. of Tex. v. Yates,* 684 S.W.2d 669, 671 (Tex.1984). It can be inferred from case law that a trial court has authority to vacate a conditionally granted new trial after the expiration of the trial court's traditional plenary power where the condition is not met. *See Yates,* 684 S.W.2d at 670–71 (Tex.1984); *Allied Rent–All, Inc. v. Int'l Rental Ins.,* 764 S.W.2d 11 (Tex.App.—Houston [14th Dist.] 1988, no writ).

After reviewing the record, however, we do not agree with the real parties-in-interest's contention that the new trial was conditioned upon the payment of attorney's fees.[2] Accordingly, we will not address this issue.

Because we have held that respondent's order "ungranting" the motion for new trial is void, we conditionally grant relator's petition for a writ of mandamus. The writ will issue only if respondent fails to vacate his order of May 9, 2001.

---

**2.** The Agreed Order Granting Motion for New Trial states in relevant part:

> On the 18th day of December, 1998, this Court heard the Motion for New Trial … this Court is of the opinion that the motion should be GRANTED.

---

It is, therefore, ORDERED, that a new trial be held and that this case be set for trial at the court's earliest available date.

It is further ORDERED that defendant pay plaintiffs $750.00 in costs and attorney fees incurred in obtaining their default judgment.