# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-01-00214-CV
---

Hobert T. Douglas, II, Attorney at Law, P.C., and Hobert T. Douglas, Individually, Appellants

v.

Edward J. Petrus, Appellee

---
### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. 245,395, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING
---

Appellee Edward J. Petrus filed an action on a sworn account against appellants Hobert T. Douglas, II, Attorney at Law, P.C., and Hobert T. Douglas individually (collectively ADouglas@). After a bench trial, the trial court ruled in favor of Petrus and overruled Douglas=s motion for new trial. Douglas appeals, contending that the trial court erred in overruling his motion for new trial. We will affirm.

Petrus sued Douglas in April 1999, alleging Douglas owed him $47,200 for time spent as a consultant and expert for a medical malpractice lawsuit in which Douglas represented another party; Douglas answered in May 1999. On August 7, 2000, Petrus sent Douglas notice Aof a setting of this cause for final trial on the merits@ on October 16, 2000, at 9:00 a.m., and made a request for discovery. On September 6, Petrus agreed to give Douglas an additional ten days to answer discovery, extending the deadline to September 22; Douglas sent Petrus his discovery responses on September 20, and they were filed with the trial court on September 27. On September 22, Petrus filed a motion for summary judgment and gave Douglas notice that a hearing on the motion would be held on October 16 at 9:00 a.m., the same

date and time that the Afinal trial on the merits@was set to be heard. On October 10, Douglas moved for a continuance of the summary judgment hearing, asking for a thirty-day extension. On October 16, the trial court partially granted Douglas=s motion and reset the Acause@ for October 20.

On October 20, the parties appeared, and the trial court overruled Petrus=s motion for summary judgment and proceeded to trial on the merits. At that point, Douglas claimed he was unprepared for trial and stated that he thought the setting was only for a hearing on the motion for summary judgment. Douglas said:

> I don=t recall getting [Petrus=s August 7 notice of the October trial setting]CI=m not saying I did or didn=t, Your Honor. I just don=t recall seeing a letter stating that this case was set for trial. It could have been at my oversight. And I didn=t have a trial setting in myCconsidering that we had just started discovery, I think it=s only fair that since they just started discovery that I be allowed the opportunity to also do discovery in this case.

The trial court responded that the case had been on file for a year and that Douglas had the same opportunity to conduct discovery as had Petrus. When Douglas added that he wanted to bring in expert witnesses to testify on his behalf, the trial court asked why Douglas had not disclosed his witnesses in his September discovery responses. Douglas said he was in trial out of the state when the responses were due, and his witness disclosures were inadvertently omitted. He also stated that he had not intended to represent himself, but intended to retain counsel. The trial court stated:

> We=re not rushing to trial, sir, it=s withoutCthe case has been on file for a year. Your answer has been on file for a year. It=s hardly a rush to trial. I think we=ve already exceeded the time limitsCthe time suggestions from the people who make time suggestions on a trial before the Court. I don=t get it. I don=t get it. We don=t answer discovery and

we come to court saying we want toCwe=re not ready for trial because we want to propound discovery . . . . We=re going to proceed.

Petrus testified regarding Douglas=s liability; Douglas did not present any evidence beyond his cross-examination of Petrus. Douglas closed by arguing that he and Petrus never had a meeting of the minds as to their agreement regarding Petrus=s responsibilities, Petrus failed to consult with Douglas before spending substantial time on the case, and Petrus=s bill was unreasonable and unrealistic.

The trial court found in favor of Petrus and on January 19, 2001, signed a judgment finding Douglas liable for $47,200, plus interest and attorney=s fees. On February 19, Douglas filed a motion for new trial, and on March 26, he filed an amended motion for new trial. On April 17, the trial court held a hearing on Douglas=s motion for new trial and overruled the motion.[1]

On appeal, Douglas contends the trial court erred in overruling his motion for new trial because (1) he received inadequate notice of the trial setting and (2) his motion established that his unpreparedness was the result of mistake and not conscious indifference.

Initially, we note that Douglas=s second motion for new trial was filed more than thirty days after the trial court signed the judgment. *See* Tex. R. Civ. P. 329b(a), (b) (motion for new trial must be filed

---

[1] Douglas=s motion for new trial was overruled by operation of law on April 4, seventy-five days after the judgment was signed on January 19. *See* Tex. R. Civ. P. 329b(c). However, the trial court maintained plenary power to grant a new trial for thirty days after the motion for new trial was overruled by operation of law. *See* Tex. R. Civ. P. 329b(e).

3

within thirty days of judgment=s signing; amended motions for new trial may be filed within thirty days of judgment=s signature and before preceding motion is overruled). Therefore, the amended motion was untimely and could not be considered by the trial court. *Ferguson v. Globe-Texas Co.*, 35 S.W.3d 688, 690 (Tex. App.CAmarillo 2000, pet. denied); *Reviea v. Marine Drilling Co.*, 800 S.W.2d 252, 258 (Tex. App.CCorpus Christi 1990, writ denied); *Mercy Hosp. v. Rios*, 776 S.W.2d 626, 632 (Tex. App.CSan Antonio 1989, writ denied); *see Kalteyer v. Sneed*, 837 S.W.2d 848, 851 (Tex. App.CAustin 1992, no writ) (noting case law Aholding that an amended motion for new trial filed later than 30 days after the signing of the judgment is untimely@). We will evaluate Douglas=s contentions in light of his timely-filed motion for new trial.

A trial court=s decision to overrule a motion for new trial is reviewed for an abuse of discretion. *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994). An abuse of discretion occurs if a trial court acts unreasonably or arbitrarily, or without reference to any guiding principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). We will indulge every reasonable presumption in favor of a trial court=s ruling on a motion for new trial. *Ferguson*, 35 S.W.3d at 690.

Douglas=s first motion for new trial states:

> The Court should grant the Motion for New Trial on the basis of [Douglas] did not receive notice of the trial setting and thus [was] not prepared for trial. [Douglas was] under the impression that the hearing was on [Petrus=s] Motion for Summary Judgment. It is a violation of [Douglas=s] due process and equal protection rights.

At the hearing on Douglas=s motion, Douglas, represented by an attorney, testified about the merits of Petrus=s cause of action. Douglas testified that Petrus was hired for $300 an hour, and Douglas

**4**

expected Petrus to review medical records, provide an affidavit, present himself for a deposition, and testify at trial, if need be; however, Petrus refused to be deposed, forcing Douglas to hire other experts. Douglas said his legal defenses to Petrus=s suit were (1) that there was no meeting of the minds as to his agreement with Petrus, (2) that many of Petrus=s charges were unreasonable and unnecessary, and (3) that Petrus may not have been qualified to testify as an expert. Douglas testified that he did not pay Petrus Abecause Dr. Petrus began demanding an exorbitant amount of money before we even settled the case.@ Douglas said, ANever in my wildest dream [sic] could I conceive of an expert spending 159 hours on a medical malpractice case. He spent more time on the case than an attorney did.@

As for the notice of a trial setting, Douglas testified that his office did receive the August notice of a trial setting, but that he was unaware of it. He did not testify concerning a letter from Petrus notifying Douglas that the trial court had rescheduled the matter to October 20, a result of Douglas=s motion. Douglas testified that, had he known the October setting was a trial setting, he would have hired an attorney to represent him, brought the entire file, and arranged for witnesses and other evidence. Douglas=s legal assistant and receptionist, who is in charge of receiving and calendering notices of settings for Douglas, recalled receiving notice that a hearing on Petrus=s motion for summary judgment was set for October 16, but did not recall seeing the August notice setting the cause for trial. Douglas produced as exhibits at the hearing: Petrus=s notice of setting from his motion for summary judgment; a letter from Petrus to Douglas stating that a hearing on the motion was set for October 16; the original notice of setting dated August 7 that states that the cause was set for Afinal trial on the merits@ on October 16; a certificate of delivery dated August 7, stating that Aa true and correct copy of the above and foregoing Notice of Setting has this day

**5**

been mailed via certified mail, return receipt requested . . . and transmitted via facsimile@; and a letter from Petrus dated October 13 notifying Douglas that Athe Court has rescheduled the trial that was originally set for Monday, October 16, 2000, to Friday, October 20, 2000, at 9:00 a.m.@

After hearing the testimony, the trial court stated, AWell, we=ve just retried the whole case. And I heard nothing this time around that I didn=t hear the last time around, except the statement that there is a trial notice in the file. I=ll deny or overrule the motion for new trial.@

Douglas first contends that the notice of a trial setting sent by Petrus was inadequate under the Rules of Civil Procedure because it was enclosed with a September letter that does not refer to the trial setting, but refers only to the hearing on the motion for summary judgment. However, the record reflects that Petrus sent Douglas notice of the trial setting on August 7, and on October 13 sent him a letter stating, Athe Court has rescheduled the *trial* that was originally set@ for October 16 to October 20. (Emphasis added.) Douglas himself testified that when he reviewed his file, he discovered the notice of the trial setting. The record does not support Douglas=s allegation that the notice of trial was inadequate.[2]

Douglas also contends that the trial court erred in overruling his motion for new trial because his motion established that his unpreparedness was the result of mistake and not conscious indifference. *See*

---

[2] We note also that the August 7 notice of setting was enclosed with Petrus=s request for discovery; it is undisputed that the discovery request was received by Douglas and the date for answering the request extended on Douglas=s motion.

*Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939) (setting out three-part test to evaluate whether motion for new trial after default judgment should be granted).

Although a trial court has broad discretion to deny a motion for new trial, when the motion for new trial is filed following a default judgment, the trial court=s discretion is not unbridled and should be guided by *Craddock*,[3] asking whether: (1) the defendant=s failure to answer was unintentional and the result of mistake or accident, not conscious indifference; (2) the motion sets out a meritorious defense; and (3) the motion is filed when its granting would not result in a delay or other prejudice to the plaintiff. *Scott*, 873 S.W.2d at 382. A trial court abuses its discretion in denying a motion for new trial springing from a default judgment if the motion satisfies *Craddock*. *Id.* Douglas asks us to apply *Craddock* to this case where he appeared, albeit unprepared, at the trial on the merits. Douglas does not cite authority to support such an application, but argues that Athe instant case is ripe for a further expansion of the coverage of *Craddock*.@

Even if we assume without deciding that *Craddock* applies to this cause, a proposition that Douglas admits would be a case of first impression, Douglas=s timely-filed motion did not set out a meritorious defense. *See Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966) (motion should not be granted if it merely alleges meritorious defense but must allege facts which Awould constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense@); *Director, State Employees Workers=Comp. Div. v.*

---

[3] *Craddock* applies to no-answer and post-answer default judgments. *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987).

*Evans*, 889 S.W.2d 266, 270 (Tex. 1994) (ASetting up a meritorious defense is determined based on the facts alleged in the movant=s motion and supporting affidavits@). Nor did Douglas=s evidence at the April 17 hearing establish a meritorious defense. He did not elicit testimony, either by live witnesses or by affidavit, to support his defenses or to rebut Petrus=s evidence. Douglas did not even attempt to identify his witnesses or what they would say, other than to testify that he would have Acalled [and] subpoenaed witnesses.@ The mere testimony that Douglas never saw the original trial setting, which he admitted receiving in his office, does not establish that he was entitled to a new trial, and the record does not support Douglas=s contentions on appeal. We cannot hold that the trial court abused its discretion in denying Douglas=s motion for new trial. We affirm the judgment of the trial court.

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   June 6, 2002

Do Not Publish

8