NUMBER 13-00-614-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 

___________________________________________________________________


FRANCIS M. ASHLEY , Appellant,



v.




HARRIS COUNTY RISK MANAGEMENT , Appellee.

___________________________________________________________________



On appeal from the 269th District Court

of Harris County, Texas.


__________________________________________________________________



O P I N I O N


Before Chief Justice Valdez and Justices Rodriguez and Kennedy (1)

Opinion by Justice Kennedy



 This appeal arose from a lawsuit filed by appellant, Ashley, against appellee for damages for alleged wrongful termination
of employment. Appellee was granted a summary judgment on February 28, 2000. See Tex. R. Civ. P. 166a, 301.

 Appellant filed a "Motion to Vacate Judgment" on March 20, 2000. Appellant subsequently filed a "Motion to Set Aside
Summary Judgment" on April 17, 2000. The trial court did not rule on appellant's motion to vacate, therefore, it was
overruled by operation of law on May 15, 2000. (2) See Tex. R. Civ. P. 329b(c). 

 The trial court granted appellant's motion to set aside summary judgment on June 1, 2000, but on July 7, 2000, the trial
court granted appellee's motion to reinstate the summary judgment. This appeal ensued.

 We conclude that the trial court acted without authority in granting appellant's motion to set aside summary judgment. 
Amended motions for new trial must be filed within thirty days after the judgment or other order complained of is signed. 
See Tex. R. Civ.P. 329b(b). Appellant's motion to set aside the summary judgment, which was filed in excess of thirty
days after the judgment, was untimely, and could not be considered by the trial court. Ferguson v. Globe-Tex. Co., 35
S.W.3d 688, 690 (Tex. App.-Amarillo 2000, pet. denied); see Reviea v. Marine Drilling Co., 800 S.W.2d 252, 258 (Tex.
App.-Corpus Christi 1990, writ denied) ("It is well established that an amended motion for new trial must be filed within
thirty days after the judgment is signed, or the motion is a nullity and may not be considered."). Therefore, both appellant's
motion to set aside summary judgment and the order granting that motion were nullities. See Reviea, 800 S.W.2d at 258;
Voth v. Felderhoff, 768 S.W.2d 403, 412 (Tex. App.-Fort Worth 1989, writ denied); Equinox Enter., Inc. v. Assoc. Media,
Inc., 730 S.W.2d 872, 875 (Tex. App.-Dallas 1987, no writ). 

 Appellant's notice of appeal was due ninety days after the judgment was signed. See Tex. R. App. P. 26.1(a). Her notice
of appeal was thus due on May 29, 2000, although the notice was not actually filed until August 24, 2000. Appellant did
not file her notice of appeal within the required time, or within the additional fifteen-day grace period provided by the
appellate rules. See Tex. R. App. P. 26.3. Appellant's untimely notice of appeal did not invoke the jurisdiction of this
Court. Tex. R. App. P. 25.1(b); see Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). Accordingly, we dismiss
appellant's appeal for lack of jurisdiction. Tex. R. App. P. 42.3(a). 

NOAH KENNEDY 

Justice



Opinion delivered and filed

this 24th day of April, 2003.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Appellant's post-judgment motions were not denominated as motions for new trial; nevertheless, any timely filed
post-judgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under rule
329b(g), thus extending the trial court's plenary jurisdiction and the appellate timetable. Lane Bank Equip. v. Smith
Southern Equip., 10 S.W.3d 308, 314 (Tex. 2000).