**Jaime GARCIA and Blanca Garcia, Appellants,**

v.

**Jose Luis RODRIGUEZ, Appellee.**

No. 08–02–00379–CV.

Court of Appeals of Texas, El Paso.

Aug. 26, 2004.

Sergio Gonzalez, El Paso, for Appellant.

Woodrow Wilson Bean III, El Paso, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

This case arises from a post-answer default judgment against Appellant Jaime Garcia in a suit to quiet title for property located in El Paso County, Texas. On appeal, Appellants Jaime Garcia and Blanca Garcia raise two issues, in which they argue that: (1) the trial court erred in vacating its order granting their motion for new trial because the record reflects they were not given proper notice of the original hearing in this case; and (2) the trial court did not have plenary power to reconsider and re-enter judgment under Rule 329b of the Texas Rules of Civil Procedure. We vacate the trial court's order and remand this cause to the trial court for further proceedings consistent with this opinion.

On October 17, 2001, Mr. Rodriguez filed a petition to quiet title against several defendants, including Jaime Garcia. The trial court entered a default judgment against Mr. Garcia on April 22, 2002, when he failed to appear for trial. Appellants, represented by counsel, filed a motion for new trial on May 10, 2002 alleging that their failure to appear was the result of accident or mistake, and they asserted the existence of a meritorious defense.[1] On July 1, 2002, the trial court signed an order granting the motion for new trial and setting the case for trial on August 1, 2002. The Appellants and their attorney failed to appear on August 1, 2002, when the trial court called the case for trial.[2] Consequently, in an order dated August 9, 2002, the trial court set aside its prior order granting the motion for new

---

1. In Mr. Rodriguez's response brief, he objects to Ms. Garcia being named as a party to this appeal and contends she lacks standing to prosecute this appeal. Mr. Rodriguez asserts that she was never truly a party to the underlying lawsuit because she was never named as a defendant, had no default judgment entered against her, and did not intervene in the trial court proceedings below. However, Mr. Rodriguez concedes that Ms. Garcia's name was included in the caption of the trial court's order granting a new trial, the order vacating that prior order and reinstating the default judgment, and the notice of appeal. Generally, only parties of record have standing to appeal. See Continental Cas. Co. v. Huizar, 740 S.W.2d 429, 430 (Tex.1987). However, in this case Ms. Garcia was named as a party to the trial court's final order is this cause. On its face, the trial court's order makes a disposition affecting Ms. Garcia. Standing pertains to a person's justiciable interest in a suit. Roman Forest Pub. Util. Dist. No. 4 v. McCorkle, 999 S.W.2d 931, 932 (Tex.App.-Beaumont 1999, pet. denied). To the extent, the trial court's order purports to affect Ms. Garcia by enforcing a default judgment against her, we find she has standing to complain of that order on appeal.

2. Apparently, Appellants' counsel failed to appear because he was ill with a bout of food poisoning. Counsel's law partner appeared to inform the court of counsel's illness and apologized for not being able to appear on behalf of his partner's clients. At a later hearing, Appellants' counsel explained that his clients did not appear because they were called and told not to go to court.

trial and reinstated the prior default judgment of April 22, 2002. The Appellants filed a notice of appeal on August 23, 2002.

### Plenary Power

In Issue Two, Appellants contend the trial court had lost plenary power to vacate its order granting their motion for new trial and reinstating the original default judgment. We agree.

■ A trial court may only vacate or "ungrant" an order granting a new trial within the plenary power period. *Porter v. Vick*, 888 S.W.2d 789, 789–90 (Tex.1994)(orig.proceeding); *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 826 (1961). Any order vacating an order granting a new trial which was signed outside the court's period of plenary power over the original judgment is void. *Porter*, 888 S.W.2d at 789. Rule 329b of the Texas Rules of Civil Procedure provides in pertinent part:

> In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

Tex.R.Civ.P. 329b(c).

Texas courts have held that the trial court has plenary power to vacate or "ungrant" an order granting a motion for new trial until its plenary power period over the original judgment expires under Rule 329b, that is, for seventy-five days after the date the judgment is signed. *See In re Luster*, 77 S.W.3d 331, 334–35 (Tex.App.-Houston [14th Dist.] 2002, orig. proceed-

ing); *Health Care Centers of Texas, Inc. v. Nolen*, 62 S.W.3d 813, 816 (Tex.App.-Waco 2001, no pet.); *In re Steiger*, 55 S.W.3d 168, 170–71 (Tex.App.-Corpus Christi 2001, orig. proceeding); *Ferguson v. Globe–Texas Co.*, 35 S.W.3d 688, 690 (Tex.App.-Amarillo 2000, pet. denied); *Hunter v. O'Neill*, 854 S.W.2d 704, 705 (Tex.App.-Dallas 1993, no writ). In *In re Steiger*, the Court reasoned that under the plain meaning of Rule 329b, the trial court is granted authority for only seventy-five days and there is no provision in the rule that extends the trial court's authority over a motion granting a new trial when the seventy-five-day period has elapsed unlike Rule 329b(e) which extends the court's plenary power for an additional thirty days when the motion for new trial is denied. *See In re Steiger*, 55 S.W.3d at 171; *see also In re Luster*, 77 S.W.3d at 334–35 n. 1.

■ In this case, the default judgment was signed April 22, 2002. On July 1, 2002, the trial court granted Appellants' motion for new trial. On August 9, 2002, the trial court signed an order in which it set aside the order granting a new trial and reinstated the prior default judgment. One hundred and nine days had elapsed since the original default judgment was signed, therefore the trial court did not have authority to vacate its motion for new trial nor authority to reinstate the April 22, 2002 judgment.[3] *See In re Luster*, 77 S.W.3d at 335; *Nolen*, 62 S.W.3d at 816. We conclude the trial court's order setting aside its motion for new trial and reinstating the original default judgment, signed August 9, 2002, is void. We sustain Issue Two. Since this issue is dispositive, we do

---

**3.** Even assuming that Rule 329b(e) applied to extend the trial court's plenary power period an additional thirty days, this would have no effect in this case because the court's order was signed over 105 days after the original default judgment was signed. *See* Tex.R.Civ.P. 329b(e).

not reach the merits of Appellants' first issue.

For the reasons stated above, we vacate the trial court's August 9, 2002 final order and remand this case to the trial court for further proceedings consistent with this opinion.