Adriana Elisa GARZA, Relator,

v.

Honorable Charles A.
GONZALEZ, Respondent.

No. 04–87–00356–CV.

Court of Appeals of Texas,
San Antonio.

July 15, 1987.

Rodolfo Munoz, San Antonio, for relator.

Edel. P. Ruiseco, San Marcos, for Jose
and Cardina Valencia.

Before CADENA, C.J., and CANTU,
and REEVES, JJ.

OPINION

REEVES, Justice.

This is an original mandamus proceeding. Respondent, the Honorable Charles Gonzalez, Judge of Bexar County Court at Law Number 2, signed a final judgment on February 10, 1987, in a forceable entry and detainer suit in which relator, Adriana Elisa Garza, was plaintiff. That suit is styled *Garza v. Valencia,* and bears the trial court cause number 167,969. Relator filed a timely motion for a new trial which was granted by Judge Gonzalez in an order signed March 13, 1987. Seven days thereafter the defendants, Jose and Cardina Valencia, filed a motion for rehearing of relator's motion for new trial. On May 21, 1987, 100 days after final judgment had been signed, Judge Gonzales signed an order rescinding his March 13 order and reinstating his judgment of February 10.

Relator seeks a writ of mandamus to compel Judge Gonzalez to set aside his order of May 21 on the ground that he had lost jurisdiction to enter it. The writ will conditionally issue.

TEX.R.CIV.P. 329b(c) provides "in the event an original or amended motion for new trial—is not determined within 75 days after the judgment was signed, it shall be considered overruled by operation of Law." A court, after granting a motion for trial, cannot set aside the motion after the expiration of the 75 day period. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 826 (1961).

The order of May 21 is void and must be disregarded. Therefore, the order of March 13 granting the motion for new trial is a valid and subsisting order which must be given the effect of reinstating the case upon respondent's docket. We are confident that Judge Gonzalez will vacate his May 21 order and proceed to try the case. The writ of mandamus will issue only if he fails to do so.

CADENA, Chief Justice, concurring.

I agree that a judge cannot set aside an order granting a new trial and, by such action, reinstate the judgment which he has

previously set aside. No statute or rule authorizes such action. Rule 329b(c) does no more than provide that if there is no action on a motion for new trial within the time specified, the motion will be considered overruled by operation of law. In this case the motion for new trial was determined within the 75–day period. It was granted. The 75–day provision of the rule is clearly inapplicable and irrelevant.

CANTU, J., joins in this concurring opinion.