Maria & Hilario CARRILLO,
et al., Appellants,

v.

FRUEHAUF CORPORATION,
et al., Appellees.

No. 04–91–00035–CV.

Court of Appeals of Texas,
San Antonio.

May 29, 1992.

Rehearing Denied Sept. 22, 1992.

Rudy Nava, San Antonio, Cage Wavell, Corpus Christi, Frank R. Nye, Jr., Law Offices of Frank R. Nye, Jr., Rio Grande City, Frank Davila, Law Office of Frank G. Davila, William J. Chriss, Augustin Rivera, Jr., Rangel & Chriss, Corpus Christi, for appellants.

Heriberto Barrera, Rio Grande City, John L. Lancaster, III, David C. Myers, Jackson & Walker, Dallas, Arnulfo Guerra, Guerra, Duvall, Ramirez & Guerra, Roma, Rex N. Leach, Atlas & Hall, McAllen, John Pope, Pope & Guerrero, Rio Grande City, W. Richard Davis, Strasburger & Price, Dallas, Robert B. Summers, Thornton, Summers, Biechlin, Dunham & Brown, Inc., Lawrence G. Morales, Morales & Calderon, San Antonio, Knox D. Nunnally, Robert M. Schick, Catherine Bukowski, Penelope E. Nicholson, Vinson & Elkins, Houston, Baldemar Gutierrez, Law Offices of Baldemar Gutierrez, P.C., Alice, Jesus M. Alvarez, Alvarez & Alvarez, P.C., Rio Grande City, Matias Morin, Jr., Edinburg, John W. Weber, Jr., Small, Craig & Werkenthin, P.C., San Antonio, Marie R. Yeates, Vinson & Elkins, L.L.P., Houston, for appellees.

Before REEVES, C.J. and BUTTS and GARCIA, JJ.

REEVES, Chief Justice.

This appeal concerns a products liability and negligence case arising from a roadside accident that resulted in the death of nine individuals. The Carrillo family, appellants ("the Carrillos"), brought suit against several defendants primarily claiming that "industry collaborators" failed to integrate inexpensive technology to enhance the night visibility of their truck tractors and trailers. The jury found in the negative on the product issues and determined that the negligence of non-product defendants proximately caused the accident. The jury awarded zero damages in response to several damage issues.

During the course of the trial, the Honorable Ricardo H. Garcia, presiding judge, was temporarily replaced by a visiting judge. The visiting judge withdrew previously admitted evidence and rendered judgment on the verdict. On November 28, 1990, after returning to the bench, Judge Garcia heard the Carrillos' and intervenors' motions for new trial. On December 4, 1990, an order granting a new trial was entered. Defendants filed motions for reconsideration and a hearing was held. On December 5, 1990, the seventy-fifth day following judgment, the previously granted Plaintiff's Motion for New Trial was "ungranted" and judgment was summarily rendered. The Carrillos are appealing the second judgment. They urge that the trial court committed reversible error by reinstating the vacated judgment.

The controlling issue before this court is whether a judge may "ungrant" a previously granted motion for new trial within the seventy-five day period following the judgment, and by doing so reinstate the previously vacated judgment. We are of the opinion that he cannot.

TEX.R.CIV.PROC. 329b provides:

**574**

The following rules shall be applicable to motions for new trial and motions to modify, correct, or reform judgments ...

\* \* \* \* \* \*

(c) In the event an amended or original motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

(d) The trial court, ... has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.

(e) If a motion for new trial is timely filed by any party, the trial court, ... has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely filed motions are overruled....

In *Garza v. State,* 737 S.W.2d 588 (Tex. App.—San Antonio 1987), a mandamus proceeding, we considered the authority of a judge acting to "ungrant" his granting of a new trial after the 75 day period had expired. The concurring opinion noted that once a motion for new trial has been filed and granted, the trial court has no authority to set aside its order. The rationale was that the rules and statutes are silent as to the authority of a judge to "ungrant" a motion for new trial. We opined:

> ... that a judge cannot set aside an order granting a new trial and, by such action, reinstate the judgment which he has previously set aside. No statute or rule authorizes such action....

*Id.* at 589 (Cadena, C.J., concurring).

Similarly, in *Smith v. Caney Creek Estates Club, Inc.,* 631 S.W.2d 233 (Tex. App.—Corpus Christi 1982, no writ), the court held that there is no provision in the rule (329b) granting authority to the trial court to vacate the granting of a new trial and to reinstate its prior judgment after the seventy-five day period has elapsed. *Id.* at 234.

We agree with the holdings in *Garza* and *Smith.* In *Garza,* the majority and the concurring opinions were both correct, on different grounds. In both cases, however,

the courts' reliance on rule 329b(c) is of no consequence. The trial court is not empowered to reinstate a prior judgment once a motion for new trial has been granted in the case. The order of the trial court reinstating the prior judgment is reversed. This cause is remanded to the trial court for a new trial on the merits.