**Stanley J. PEACOCK, Appellant,**

v.

**TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, Appellee.**

**Nos. 10–00–037–CV, 10–99–301–CV.**

Court of Appeals of Texas,
Waco.

March 29, 2000.

---

Stanley J. Peacock, Farmersville, pro se.

Brett A. Smith, Kenneth John Lambert, Fletcher & Springer, L.L.P., Dallas, for appellee.

Before Chief Justice DAVIS Justice VANCE and GRAY.

## MEMORANDUM OPINION

DAVIS, Chief Justice.

Stanley Peacock filed suit *pro se* against Travelers Property Casualty Insurance Company ("Travelers") in a Dallas County court. Peacock's suit alleged breach of an insurance contract, DTPA violations, and unfair claims settlement practices. On Travelers' motion, the trial court ordered that Peacock's contract claim be tried separately from his extra-contractual claims. A jury returned a verdict favorable to Travelers on the contract claim. The court signed a judgment in accordance with the verdict on July 9, 1999. Peacock filed a notice of appeal from this interlocutory judgment with the County Clerk of Dallas County on August 9, following the denial of his motion for new trial.

On September 13, the Supreme Court ordered the transfer to this Court of the "next 25 cases ... filed in the Court of Appeals for the Fifth Court of Appeals District, Dallas, Texas, on or after September 1, 1999." *Transfer of Cases from Courts of Appeals,* Misc. Docket No. 99–9151 (Tex. Sept. 13, 1999) (order transferring cases among intermediate appellate courts for docket equalization purposes); *see also* TEX. GOV'T CODE ANN. § 73.001 (Vernon 1998). Pursuant to the Supreme Court's order, the Dallas Court transferred Peacock's case to this Court on October 1. We docketed Peacock's case under cause number 10–99–301–CV.

The trial court signed a summary judgment in favor of Travelers on Peacock's extra-contractual claims on November 18. Peacock filed a notice of appeal from the summary judgment with the county clerk on January 15, 2000, after the court denied his motion for new trial. *See* TEX.R.APP. P. 25.1(a). In an effort to comply with Rule of Appellate Procedure 25.1(e), Peacock filed a copy of his notice of appeal with the Clerk of this Court because he deems his second appeal "an extension of the original" appeal. *Id.* 25.1(e). We docketed this appeal under cause number 10–00–037–CV.

Because Peacock's "second appeal" arose after the Supreme Court's transfer order and concerns a Dallas County judgment, we questioned our jurisdiction and advised the parties by letter dated February 18 that we may dismiss the appeal for want of jurisdiction if no response were filed showing grounds for continuing the appeal. *Id.* 42.3(a). Travelers responded with a motion to consolidate or dismiss the second appeal because Peacock's original notice of appeal was premature and should be considered filed as of the date of the "final" judgment in the underlying cause, November 18. *Id.* 27.1(a). Peacock "is not protesting where this Appeal should be filed as long as he has enough time to prepare it."

### CAUSE NO. 10–99–301–CV

According to Rule of Appellate Procedure 27.1(a), in civil cases "a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal." *Id.* Applying this rule to Peacock's first notice of appeal, we conclude that such notice of appeal was not effective or deemed to have been filed until November 18. Because the notice of appeal was not effectively filed until November 18, Peacock's case was not among the "next 25 cases ... filed in the Court of Appeals for the Fifth Court of Appeals District, Dallas, Texas, on or after Septem-

ber 1, 1999," which the Supreme Court ordered transferred to this Court.

Article V, section 6 of the Texas Constitution provides that the civil jurisdiction of this Court extends to "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6. The legislature has prescribed that this Court has "appellate jurisdiction of all civil cases within its district." TEX. GOV'T CODE ANN. § 22.220(a) (Vernon 1988). The trial courts of Dallas County do not fall within the Tenth District. *See id.* § 2.201(f), (k) (Vernon 1988).

Because Peacock's "first appeal" docketed in this Court under Cause No. 10–99–301–CV was not among the "next 25 cases ... filed in the Court of Appeals for the Fifth Court of Appeals District, Dallas, Texas, on or after September 1, 1999," which the Supreme Court ordered transferred to this Court and did not arise from a trial court within the Tenth District, we do not have jurisdiction over such appeal.

### CAUSE NO. 10–00–037–CV

Peacock filed his second notice of appeal with the county clerk on January 15. Thus, his "second appeal" was not among the "next 25 cases ... filed in the Court of Appeals for the Fifth Court of Appeals District, Dallas, Texas, on or after September 1, 1999," which the Supreme Court ordered transferred to this Court, nor did it arise from a trial court within the Tenth District. Accordingly, we do not have jurisdiction over Peacock's second appeal docketed in this Court under Cause No. 10–00–037–CV.

---

1. The procedural quagmires present in this case demonstrate yet another of the flaws with the current docket-equalization system. *See, e.g., McLendon v. Texas Dep't of Pub. Safety,* 985 S.W.2d 571, 576 n. 6 (Tex.App.— Waco 1998, pet. filed). As the dockets of the intermediate appellate courts in large metro-

### CONCLUSION

By filing his notices of appeal with the county clerk, Peacock may have invoked the appellate jurisdiction of the Fifth Court of Appeals. *See* TEX.R.APP. P. 25.1(b); TEX. GOV'T CODE ANN. § 22.201(f). Therefore, we shall promptly forward Peacock's files to the Fifth Court of Appeals, so it can determine whether and how it wishes to proceed with Peacock's case.[1]

For these reasons, we dismiss Peacock's appeals docketed in this Court under Cause Nos. 10–99–301–CV and 10–00–037–CV for want of jurisdiction.

Justice GRAY, concurring.

TOM GRAY, Justice, concurring.

The legal analysis and conclusions of the majority opinion are correct and accordingly I concur. However, I cannot join the appeal to the Legislature to correct, repair or fix the system used to transfer cases among the courts of appeals for docket equalization and write this concurring opinion to explain. For the reasons stated in my concurring opinion in *Simonek,* we should not use this forum to call upon the Legislature to do anything. *In re Simonek,* 3 S.W.3d 285, 289 (Tex.App.—Waco 1999, no pet.) (Gray, J., concurring). It is not our place or privilege to use this office as a special forum from which to call for legislative action.

With these comments, I respectfully concur in the majority opinion.

politan areas continue to burgeon, these flaws will continue to manifest themselves in new and increasingly significant ways. Accordingly, we call on the Legislature to give priority and attention to the task of developing and codifying a more permanent solution to the docket-equalization problem.