IN THE
TENTH COURT OF APPEALS
 

No. 10-00-315-CV

Â Â Â Â Â HEALTH CARE CENTERS OF TEXAS, INC.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â DANNIE FAYE DEARMON NOLEN,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 58th District Court
Jefferson County, Texas
Trial Court # A-154869-A
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Dannie Faye Dearmon Nolen sued her employer, Health Care Centers of Texas, Inc. d/b/a
Nederland Health Care Center (âHCTâ), for work-related injuries. A jury found that HCT was
negligent and grossly negligent and awarded Nolen actual damages and exemplary damages. HCT
filed a motion for judgment notwithstanding the verdict on the issues of gross negligence and
exemplary damages. The court granted HCTâs motion for JNOV and signed a judgment awarding
Nolen only her actual damages. Nolen filed a motion for new trial. The court signed an order
granting a new trial on the gross negligence claim and severing that claim from the remainder of
Nolenâs claims. More than fifteen months later, the court signed a judgment in the severed action
purporting to reinstate the juryâs verdict on gross negligence and exemplary damages.
BACKGROUND
Â Â Â Â Â Â The court signed the original judgment in this cause on April 27, 1999, awarding Nolen only
her actual damages. Nolen filed her motion for new trial on May 25. The court signed an order
on June 29 granting a new trial on the gross negligence claim and severing that claim from the
remainder of Nolenâs claims.
Â Â Â Â Â Â In the severed cause, the court ordered the parties to mediation. After this failed, Nolen filed
a motion under the original cause number on May 16, 2000 asking the court to reinstate the juryâs
verdict on punitive damages. The court signed an order on August 10 granting Nolenâs motion
to reinstate and stating that the jury verdict âwill be reinstated.â This order bears the original
cause number.
Â Â Â Â Â Â HCT filed a notice of appeal under the original cause number on September 8, 2000 stating
its desire to appeal the order reinstating the verdict on exemplary damages. The Beaumont Court
of Appeals docketed HCTâs notice of appeal under appellate cause number 09-00-403-CV. The
Beaumont Court transferred HCTâs appeal to this Court pursuant to a docket-equalization transfer
order issued by the Supreme Court on September 15, 2000. See Tex. Gov. Code Ann. Â§ 73.001
(Vernon 1998); Peacock v. Travelers Prop. Cas. Ins. Co., 16 S.W.3d 445, 446 (Tex.
App.âWaco 2000, no pet.). As with the transfer order in Peacock, the Supreme Court directed
the Beaumont Court to transfer to this Court â[t]he first 25 cases . . . filed in the Court of Appeals
for the Ninth Court of Appeals District, Beaumont, Texas, on or after September 6, 2000.â 
Transfer of Cases from Courts of Appeals, Misc. Docket No. 00-9139 (Tex. Sept. 15, 2000); cf.
Peacock, 16 S.W.3d at 446.
Â Â Â Â Â Â The trial court signed a âFinal Judgmentâ under the severed cause number on November 13,
2000 awarding Nolen the exemplary damages originally set by the jury. HCT filed an amended
notice of appeal on January 3, 2001, clarifying its intent to appeal the judgment rendered in the
severed cause.
THIS COURTâS JURISDICTION
Â Â Â Â Â Â Under Rule of Appellate Procedure 27.1(a), in civil appeals âa prematurely filed notice of
appeal is effective and deemed filed on the day of, but after, the event that begins the period for
perfecting the appeal.â Tex. R. App. P. 27.1(a). The parties agree that the trial court did not sign
its âFinal Judgmentâ in this case until November 13. Thus, assuming without deciding that
HCTâs September 8 notice of appeal sufficiently invoked the Beaumont Courtâs jurisdiction, such
notice was premature.
Â Â Â Â Â Â Because the court did not sign the final judgment until November 13, HCTâs notice of appeal
âwas not effective or deemed to have been filed until November [13].â See Peacock, 16 S.W.3d
at 446. Accordingly, HCTâs appeal was not among the âfirst 25 cases . . . filed in the Court of
Appeals for the Ninth Court of Appeals District, Beaumont, Texas, on or after September 6,
2000,â which the Supreme Court ordered transferred to this Court. Id. at 446-47.
Â Â Â Â Â Â Because HCTâs appeal was not among the twenty-five cases ordered transferred by the
Supreme Court and because the trial courts of Jefferson County do not fall within the Tenth
District, we do not have jurisdiction over this appeal. Id. at 447; Tex. Gov. Code Ann. Â§
21.201(j), (k) (Vernon 1988). Accordingly, we shall promptly forward HCTâs files to the
Beaumont Court of Appeals, so it can determine whether and how it wishes to proceed with this
appeal. See Peacock, 16 S.W.3d at 447.
Â Â Â Â Â Â For the reasons stated, we dismiss HCTâs appeal docketed in this Court under Cause No. 10-00-315-CV for want of jurisdiction.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis
Â Â Â Â Â Â Justice Vance and
Â Â Â Â Â Â Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed June 13, 2001
Publish



esented.Ô  (Br. at 8 (citing Jacob at 905).)  Â  

Â Â Â Â Â  The
elements of indecency with a child are that:

Â Â Â Â Â  A person commits an offense if, with a
child younger than 17 years and not the personÂs spouse, whether the child is
of the same or opposite sex, the person:

Â Â Â Â Â  (1)Â  engages in sexual contact
with the child or causes the child to engage in sexual contact; or

Â Â Â Â Â  (2)Â  with intent to arouse or
gratify the sexual desire of any person:

Â Â Â Â  (A)Â  exposes the personÂs anus
or any part of the personÂs genitals, knowing the child is present; or

Â Â Â Â  (B)Â  causes the child to expose the childÂs
anus or any part of the childÂs genitals.

Tex. Penal
Code Ann. Â§Â 21.11(a).Â  In
Section 21.11, 

Âsexual contactÂ means the following acts, if
committed with the intent to arouse or gratify the sexual desire of any person:

Â Â Â Â Â  (1)Â  any touching by a person,
including touching through clothing, of the anus, breast, or any part of the
genitals of a child; or

Â Â Â Â Â  (2)Â  any touching of any part of the body
of a child, including touching through clothing, with the anus, breast, or any
part of the genitals of a person.

Tex. Penal
Code Ann. Â§Â 21.11(c).Â  The
indictment alleged that McIntyre Âintentionally or knowingly cause[d] the
penetration of the sexual organ of D.Â H., a child who was .Â .Â .
younger than 17 years of age and not the spouse of [McIntyre], by [McIntyre]Âs
sexual organ.ÂÂ  (1 C.R. at 2.)

Â Â Â Â Â  In proving sexual assault as
alleged in the indictment, the State would have had to prove that McIntyre
caused the penetration of the sexual organ of D.Â H. by McIntyreÂs sexual
organ.Â  In order to prove indecency with a child, the State might have proved
that McIntyre engaged in sexual contact with D.Â H. by touching any part of
the body of D.Â H. with any part of the genitals of McIntyre.Â  Proof of the
former includes proof of the latter, plus more, namely penetration.Â  The trial
court did not err in instructing the jury on the lesser included offense of indecency
with a child.Â  We overrule McIntyreÂs first issue.

Â Â Â Â Â  Having
overruled McIntyreÂs issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â  Justice Reyna

Affirmed

Opinion delivered and filed March 21, 2007

Do not publish

[CRPM]