Health Care Centers of Texas, Inc. v. Dannie Faye Dearmon Nolen















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-315-CV

     HEALTH CARE CENTERS
     OF TEXAS, INC.,
                                                                         Appellant
     v.

     DANNIE FAYE DEARMON NOLEN,
                                                                         Appellee
 

From the 58th District Court
Jefferson County, Texas
Trial Court # A-154869-A
                                                                                                                
                                                                                                         
OPINION ON REHEARING
                                                                                                                

      Dannie Faye Dearmon Nolen sued her employer, Health Care Centers of Texas, Inc. d/b/a
Nederland Health Care Center (“HCT”), for work-related injuries. A jury found that HCT was
negligent and grossly negligent and awarded Nolen actual damages and exemplary damages. HCT
filed a motion for judgment notwithstanding the verdict on the issues of gross negligence and
exemplary damages. The court granted HCT’s motion for JNOV and signed a judgment awarding
Nolen only her actual damages. Nolen filed a motion for new trial. The court signed an order
granting a new trial on the gross negligence claim and severing that claim from the remainder of
Nolen’s claims. More than fifteen months later, the court signed a judgment in the severed action
purporting to reinstate the jury’s verdict on gross negligence and exemplary damages.
BACKGROUND
      The court signed the original judgment in trial court cause number A-154869 on April 27,
1999, awarding Nolen only her actual damages. Nolen filed her motion for new trial on May 25. 
The court signed an order on June 29 granting a new trial on the gross negligence claim and
severing that claim from the remainder of Nolen’s claims. The court assigned cause number A-154869-A to the severed gross negligence claim.
      In the severed cause, the court ordered the parties to mediation. After this failed, Nolen filed
a motion under the original cause number on May 16, 2000 asking the court to reinstate the jury’s
verdict on exemplary damages. The court signed an order on August 10 granting Nolen’s motion
to reinstate and stating that the jury verdict “will be reinstated.” This order bears the original
cause number.
      HCT filed a notice of appeal under the original cause number on September 8, 2000 stating
its desire to appeal the order reinstating the verdict on exemplary damages. The Beaumont Court
of Appeals docketed HCT’s notice of appeal under appellate cause number 09-00-403-CV. The
Beaumont Court transferred HCT’s appeal to this Court pursuant to a docket-equalization transfer
order issued by the Supreme Court on September 15, 2000. See Tex. Gov. Code Ann. § 73.001
(Vernon 1998). In the transfer order, the Supreme Court directed the Beaumont Court to transfer
to this Court “[t]he first 25 cases . . . filed in the Court of Appeals for the Ninth Court of Appeals
District, Beaumont, Texas, on or after September 6, 2000.” Transfer of Cases from Courts of
Appeals, Misc. Docket No. 00-9139, at 2 (Tex. Sept. 15, 2000).
      The trial court signed a “Final Judgment” under the severed cause number on November 13,
2000 awarding Nolen the exemplary damages originally set by the jury. HCT filed an amended
notice of appeal on January 3, 2001, clarifying its intent to appeal the judgment rendered in the
severed cause.
OUR ORIGINAL DISPOSITION
      On original submission, we dismissed HCT’s appeal because its premature notice of appeal
did not become effectively filed under Rule of Appellate Procedure 27.1(a) until November 13,
when the court signed its judgment. See Peacock v. Travelers Prop. Cas. Ins. Co., 16 S.W.3d
445, 446 (Tex. App.—Waco 2000, no pet.). Because of this, we concluded that HCT’s appeal
was not among “[t]he first 25 cases . . . filed in the Court of Appeals for the Ninth Court of
Appeals District, Beaumont, Texas, on or after September 6, 2000.” Id. at 446-47.
THE TRANSFER ORDER
      On rehearing however, HCT has directed our attention to other language in the Supreme
Court’s transfer order which defines the term “filed” for purposes of the transfer order to mean
“the receipt of notice of appeal by the court of appeals.” Transfer of Cases from Courts of
Appeals, Misc. Docket No. 00-9139, at 2. Nolen contends in response to HCT’s motion for
rehearing that this language cannot be employed to undermine the plain language of Rule 27.1(a). 
We believe the transfer order and the rule can be read together.
      When we incorporate the Court’s definition of the term “filed” into the specific language of
the transfer order, the order directed the Beaumont court to transfer to this Court “[t]he first 25
cases [in which notices of appeal were received by] the Court of Appeals for the Ninth Court of
Appeals District, Beaumont, Texas, on or after September 6, 2000.” Transfer of Cases from
Courts of Appeals, Misc. Docket No. 00-9139, at 2. The Beaumont court received HCT’s notice
of appeal on September 8, 2000. Accordingly, this appeal was properly included among the cases
to be transferred to this Court.


 Thus, we grant HCT’s motion for rehearing.
THE APPEAL
      HCT contends in three points that: (1) the court erred when it purported to reinstate the jury’s
verdict on exemplary damages because its plenary power had expired; and (2) there is no evidence
and factually insufficient evidence to support the judgment on exemplary damages (two points). 
Nolen responds that: (1) we do not have jurisdiction because HCT’s first notice of appeal was
ineffective and its second was untimely; (2) the court had the authority to reinstate the jury’s
verdict; and (3) there is some evidence and factually sufficient evidence to support the judgment.
Jurisdiction
      “A court of appeals has jurisdiction over any appeal where the appellant files an instrument
that ‘was filed in a bona fide attempt to invoke appellate court jurisdiction.’” Grand Prairie
Indep. Sch. Dist. v. Southern Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991) (quoting
Walker v. Blue Water Garden Apartments, 776 S.W.2d 578, 581 (Tex.1989)); accord Verburgt
v. Dorner, 959 S.W.2d 615, 616 (Tex. 1997). When an appellant files such an instrument, the
appellate court should give him an opportunity to amend it to correct any deficiencies before
dismissing his appeal. See Southern Parts Imports, 813 S.W.2d at 500; accord Verburgt, 959
S.W.2d at 616 n.4; Maxfield v. Terry, 888 S.W.2d 809, 811 (Tex. 1994) (per curiam).
      Nolen challenges HCT’s September 8 notice of appeal as inadequate because it does not bear
the proper cause number. However, the Supreme Court has held that an instrument filed to perfect
an appeal should be deemed effective even if it has the wrong cause number, so long as this defect
does not confuse or mislead another party. See City of San Antonio v. Rodriguez, 828 S.W.2d
417, 418 (Tex. 1992) (per curiam); Leal v. City of Rosenberg, 17 S.W.3d 385, 386 (Tex.
App.—Amarillo 2000, order, no pet.); accord Maxfield, 888 S.W.2d at 811.
      Nolen does not argue that she was misled or confused in any manner by the misstated cause
number indicated on HCT’s September 8 notice of appeal. HCT’s notice of appeal clearly states
its desire to appeal the court’s decision to reinstate the jury’s award of exemplary damages. 
Accordingly, we construe the notice as a “bona fide attempt to invoke” the jurisdiction of the
Beaumont court from which this appeal was transferred. See Southern Parts Imports, 813 S.W.2d
at 500.
The Trial Court’s Plenary Power
      HCT argues in its first point that the court signed the November 13 judgment after its plenary
power expired. Nolen responds that, because the court granted her motion for new trial on the
gross negligence claim in June 1999, its plenary power continued until it signed the judgment in
November 2000.
      According to settled case law, a trial court’s authority to set aside an order granting a new
trial expires when its plenary power over the original judgment expires under Rule of Civil
Procedure 329b. See Porter v. Vick, 888 S.W.2d 789, 789-90 (Tex. 1994) (orig. proceeding);
Fulton v. Finch, 162 Tex. 351, 355-56, 346 S.W.2d 823, 826-27 (1961) (orig. proceeding);
Ferguson v. Globe-Texas Co., 35 S.W.3d 688, 690-92 (Tex. App.—Amarillo 2000, pet. denied);
Garza v. Gonzalez, 737 S.W.2d 588, 588 (Tex. App.—San Antonio 1987, orig. proceeding). Any
order signed after the expiration of this plenary power is void. Id.
      The court’s judgment, signed on April 27, 1999, awarded Nolen her actual damages for
injuries suffered as a result of HCT’s negligence but granted HCT’s motion for JNOV on her
gross negligence claim. The court signed an order on June 29 granting Nolen a new trial on the
gross negligence claim and severing that claim from the remainder of her claims. The court’s
authority to set aside this order expired on Monday, July 12, 1999, which is 76 days after the
signing of the original judgment.


 See Tex. R. Civ. P. 329b(c); Porter, 888 S.W.2d at 789;
Fulton, 162 Tex. at 355, 346 S.W.2d at 826-27; Ferguson, 35 S.W.3d at 690-92; Garza, 737
S.W.2d at 588. Thus, the court had no authority to reinstate the jury’s verdict on August 10, 2000
when it signed the order granting Nolen’s motion to reinstate the verdict or on November 13, 2000
when it signed the “Final Judgment.” Id.
      Accordingly, we sustain HCT’s first point.
NO EVIDENCE
      HCT contends in its second point that there is no evidence to support the judgment on Nolen’s
gross negligence claim. We agree.
      When we decide a “no evidence” point, we consider only the evidence and inferences which
tend to support the contested issue and disregard all evidence and inferences to the contrary. 
Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). We will sustain a no
evidence point if: (a) there is a complete absence of evidence of a vital fact; (b) we are barred by
rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (c)
the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence
conclusively establishes the opposite of the vital fact. Id. (citing Robert W. Calvert, “No
Evidence” and “Insufficient Evidence” Points of Error, 38 Tex. L. Rev. 361, 362-63 (1960)).
      The court had no authority to reinstate the jury’s verdict on exemplary damages. In this
cause, Nolen presented no evidence to support an award of exemplary damages. Accordingly,
“there is a complete absence of evidence” to support the judgment. Id. Thus, we sustain HCT’s
second point.
      In light of our disposition of HCT’s second point, we need not address its third point.
CONCLUSION
      We withdraw our opinion and judgment dated June 13, 2001 and substitute this opinion as the
opinion of the Court. Because the record contains no evidence to support the judgment, we
reverse the judgment and render judgment that Nolen take nothing on her gross negligence claim.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reversed and rendered
Opinion delivered and filed November 7, 2001
Publish
[CV06]