**Timothy E. COOK and Kay F. Cook, Individually and d/b/a Associated Transcription Services, Appellants,**

v.

**LERNOUT & HAUSPIE MEDICAL SERVICES DIVISION and E–Docs Health Care Information Services, Inc., Appellees.**

No. 10–01–245–CV.

Court of Appeals of Texas, Waco.

March 6, 2002.

Wayne E. Revack, Attorney At Law, Houston, for appellant.

Nicole Perdue, Neil G. Martin, Gardere, Wynne & Sewell, L.L.P., Houston, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER

PER CURIAM.

The Cooks appealed from a summary judgment granted against them on July 24, 2001. They did not file a brief, but on November 19, 2001, they filed a "Motion to Continue the Appeal," claiming that the trial court had granted a motion for new trial in their favor on August 8, 2001, as to the measure of damages and attorney's fees. Therefore, they argued, this appeal should not proceed until the trial court ruled on the matters before it.

The clerk's record on file at that time did not include any documents relating to the motion for new trial. We ordered a supplemental clerk's record which was filed on January 15, 2002. The supplemental clerk's record contains an "Order" signed August 8, 2001, which states: "The Court, on its own motion, hereby orders a new trial limited to these two points: 1. the amount of damages; and 2. attorney's fees. Thus, the Court's Final Judgment dated on or about July 24, 2001 is hereby vacated and set aside. It is so ordered." We have received no notice that the trial court has signed a new judgment. Therefore, we again question whether our jurisdiction has attached. Lehmann v. Har–Con Corp., 39 S.W.3d 191, 195 (Tex.2001) ("[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment.").

■ On January 24, the Cooks filed a "Motion to Continue the Appeal," asking that we retain the appeal so they will not incur the financial hardship of another clerk's record and reporter's record in the event their appeal after the trial court signs a judgment does not land in this court. We are sympathetic to their request because they are involuntary litigants in this court because of the system of transferring appeals between courts of appeals.

■ A premature notice of appeal may be given effect under Rule of Appellate Procedure 27.1(a). Under the unique wording of the Supreme Court's transfer orders, we are put in the same position as the transferring court when a notice of appeal has been prematurely filed in a case transferred to us from another court of appeals. See Health Care Centers of Texas, Inc. v. Nolen, 62 S.W.3d 813, 815 (Tex.App.-Waco 2001, no pet. h.) (term "filed" for purposes of the transfer order to mean "the receipt of notice of appeal by the court of appeals" (emphasis added)).

We are willing to wait a reasonable time for the trial court to enter a final judgment. Appellants told us on January 24 that it would be a "short period of time." But, if a supplemental record containing a final judgment is not filed with the clerk of this court on or before 5:00 p.m. on March 29, 2002, we will dismiss this appeal for want of jurisdiction. Tex.R.App. P. 42.3; Lehmann, 39 S.W.3d at 195.