IN THE
TENTH COURT OF APPEALS
 

No. 10-01-024-CV

        JAMES BRAVO PALACIO
        AND MONICA VASQUEZ DE PALACIO, 
        INDIVIDUALLY AND AS PARENTS, 
        GUARDIANS AND NEXT FRIENDS 
        OF BRIANDA PORSCHE DE PALACIO
        AND ADLEFA BRAVO PALACIO,
                                                                                       Appellants
        v.

        AON PROPERTIES, INC., 
        GREYSTAR MANAGEMENT SERVICES, L.P.,
        AND WEISER SECURITY SERVICES, INC.,
                                                                                       Appellees
 

From the 334th District Court
Harris County, Texas
Trial Court # 98-48769
                                                                                                                

O R D E R
                                                                                                                

          The Palacios appealed from summary judgments granted in favor of Appellees. However,
the summary judgments did not dispose of third-party claims filed by Appellees. Thus, the record
before us does not contain a final, appealable judgment. See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 205 (Tex. 2001) (“An order that adjudicates only the plaintiff’s claims against the
defendant does not adjudicate a counterclaim, cross-claim, or third party claim . . . .”).
          We notified the parties of this defect by letter dated April 9, 2002. We warned that the
appeal would be dismissed for want of jurisdiction unless a response was filed showing grounds
for continuing the appeal within ten days. The Palacios filed an unopposed motion to abate this
appeal for entry of a final judgment on April 19.
          Because there is no final judgment, the trial court still has jurisdiction over the case. See
Tex. R. App. P. 29.5 (“While an appeal from an interlocutory order is pending, the trial court
retains jurisdiction of the case and may make further orders . . . .”). Thus, an abatement is
unnecessary. The motion to abate is denied.
          We are willing to wait a reasonable time for the trial court to enter a final judgment. But,
if a supplemental clerk’s record containing a final judgment is not filed with the Clerk of this
Court on or before 5:00 p.m. on May 14, 2002, we will dismiss this appeal for want of
jurisdiction. Tex. R. App. P. 42.3; Cook v. Lernout & Hauspie Med. Servs. Div., 68 S.W.3d 285,
286 (Tex. App.—Waco 2001, order) (per curiam).

                                                                       PER CURIAM

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Notice of Intent to Dismiss for Want of Jurisdiction
Order delivered and filed April 24, 2002
Do not publish



="font-size: 12pt">Opinion delivered and filed January 2, 2002
Do not publish
[CR25]