**Ex parte Darrell Dewayne JAMES.**

**No. 10–02–246–CR.**

Court of Appeals of Texas, Waco.

Sept. 18, 2002.

Darrell Dewayne James, Beaumont, pro se.

Tom Maness, Jefferson County Criminal Dist. Atty., Beaumont, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

PER CURIAM.

Darrell Dewayne James seeks to appeal the trial court's denial of his application for writ of habeas corpus by which he sought a reduction in the amount of his bail pending appeal. Because the Ninth Court of Appeals in Beaumont would have jurisdiction over such an appeal, we will dismiss the appeal filed in this Court and forward James's pleadings to that Court so it can determine whether and how it wishes to proceed with his case.

James pleaded guilty to the felony offense of assault on a family member without the benefit of a plea recommendation. The court assessed his punishment at eight years' imprisonment. James appealed to the Ninth Court of Appeals in Beaumont, which docketed his appeal there under cause number 09–02–114–CR. Pursuant to a docket equalization order, the Beaumont Court transferred James's appeal to this Court on April 2.

Sometime thereafter, James filed his habeas application. The trial court denied

this application by order dated July 29. James filed a "Motion for Appeal" in this Court on August 30.[1] We decided to treat this pleading as a notice of appeal.

The Supreme Court issued the transfer order referenced above on March 21. That order reads in pertinent part:

The first 18 cases, except as otherwise provided by this Order, which are filed in the Court of Appeals for the Ninth Court of Appeals District, Beaumont, Texas, on or after March 4, 2002, are transferred to the Court of Appeals for the Tenth Court of Appeals District, Waco, Texas.

. . . .

It is specifically provided that the cases ordered transferred by this Order shall, in each instance, not include original proceedings, appeals from interlocutory orders, appeals from denial of writs of habeas corpus, extradition, bond cases, and those cases which in the opinion of the Chief Justice of the transferring Court contain extraordinary circumstances or in which emergency action may be required.

Transfer of Cases from Courts of Appeals, Misc. Docket No. 02–9055 (Tex. Mar. 21, 2002) (order transferring cases among intermediate appellate courts for docket equalization purposes).

The transfer order specifically excludes "appeals from denial of writs of habeas corpus" and "bond cases." In addition, James's appeal of the court's habeas ruling was not among the "first 18 cases . . . filed in the Court of Appeals for the Ninth Court of Appeals District, Beaumont, Texas, on or after March 4, 2002." *See Peacock v. Travelers Property Cas. Ins. Co.,* 16 S.W.3d 445, 447 (Tex.App.-Waco 2000, no pet.). Accordingly, we do not have jurisdiction over this appeal.

James may have invoked the appellate jurisdiction of the Ninth Court of Appeals. *See* Tex. Gov't Code Ann. § 22.201(j) (Vernon 1988); *but cf.* Tex.R.App. P. 25.2(b)(1) (notice of appeal must be filed with trial court clerk), 26.2(a)(1) (notice of appeal must be filed within 30 days after entry of order). Therefore, we shall promptly forward James's files to the Ninth Court of Appeals, so it can determine whether and how it wishes to proceed with James's case. *See Peacock,* 16 S.W.3d at 447.

For these reasons, we dismiss this appeal for want of jurisdiction.

---

1. This is the date of mailing. *See* Tex.R.App. P. 9.2(b).