William A. McIntosh v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-409-CR
No. 10-01-410-CR
No. 10-01-411-CR
No. 10-01-412-CR
No. 10-01-413-CR
No. 10-01-414-CR
No. 10-01-415-CR
No. 10-01-416-CR
No. 10-01-417-CR
No. 10-01-418-CR

     WILLIAM A. McINTOSH,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court Nos. 20084CR, 20085CR, 20086CR, 20087CR, 20379CR,
20380CR, 20381CR, 20382CR, 20383CR, 20384CR
                                                                                                                
                                                                                                         
O R D E R
                                                                                                                

      William McIntosh pleaded guilty to four separate charges of aggravated sexual assault and six
separate charges of indecency with a child. Pursuant to a plea agreement, the court sentenced
McIntosh to thirty-five years’ imprisonment for each aggravated sexual assault conviction and
twenty years’ imprisonment for each indecency conviction, all to run concurrently.
      McIntosh filed motions for postconviction DNA testing and for appointment of counsel under
article 64.01 of the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 64.01
(Vernon Supp. 2002). The court found that identity was not an issue at trial because McIntosh
pleaded guilty and that no biological evidence exists which could be tested. Accordingly, the court
denied the motion for appointment of counsel. McIntosh appealed.
      McIntosh claims in a single issue that the court erred by denying his request for appointment
of counsel. The State responds that we do not have jurisdiction over an appeal from an order
denying a request for appointment of counsel under article 64.01. We agree.
      Under Article V, section 6 of the Texas Constitution, this Court has jurisdiction over “all
cases of which the District Courts or County Courts have original or appellate jurisdiction, under
such restrictions and regulations as may be prescribed by law.” Tex. Const. art. V, § 6. Article
44.02 of the Code of Criminal Procedure provides in pertinent part, “A defendant in any criminal
action has the right of appeal.” Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979). Texas
courts have consistently construed article 44.02 to allow an appeal only “from a ‘final judgment
[of conviction],’ though the statute does not contain this limitation on its face.” Everett v. State,
82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism’d) (quoting Benford v. State, 994 S.W.2d
404, 408-09 (Tex. App.—Waco 1999, no pet.) (quoting State v. Sellers, 790 S.W.2d 316, 321
n.4 (Tex. Crim. App. 1990)).
      This Court has jurisdiction over other types of criminal appeals only when “expressly granted
by law.” Id. (quoting Benford, 994 S.W.2d at 409 (quoting Apolinar v. State, 820 S.W.2d 792,
794 (Tex. Crim. App. 1991)). The pertinent appeal statute in McIntosh’s case is article 64.05,
which provides:
An appeal of a finding under Article 64.03 or 64.04 is to a court of appeals, except
that if the convicted person was convicted in a capital case, the appeal of the finding is
a direct appeal to the court of criminal appeals.

Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon Supp. 2002).
      McIntosh’s request for counsel arises under article 64.01, not article 64.03 or 64.04. Id.
64.01(c). Article 64.03 governs a court’s decision to grant or deny a request for DNA testing. 
Id. 64.03 (Vernon Supp. 2002). Article 64.04 governs a court’s review of the results of DNA
testing and its determination of “whether the results are favorable to the convicted person.” Id.
64.04 (Vernon Supp. 2002). The trial court has not ruled on McIntosh’s request for DNA testing. 
Thus, it has not made a finding under article 64.03 which can be appealed.
      Nevertheless, a premature notice of appeal may be given effect under Rule of Appellate
Procedure 27.1(b). Tex. R. App. P. 27.1(b). According to Rule 27.1(b), a premature notice of
appeal takes effect in a criminal case “on the same day, but after, . . . the appealable order is
signed by the trial court.” Id. We are willing to wait a reasonable time for the trial court to sign
an order adjudicating the merits of McIntosh’s motion for DNA testing. See Cravin v. State, No.
01-01-1166-CR, 2002 Tex. App. LEXIS 8494, at *3 (Tex. App.—Houston [1st Dist.] Nov. 27,
2002, no pet. h.) (written order required for post-conviction DNA appeal). But, if a supplemental
record containing such an order is not filed with the Clerk of this Court on or before 5:00 p.m.
on December 27, 2002, we will dismiss this appeal for want of jurisdiction.


 See Cook v. Lernout
& Hauspie Med. Servs. Div., 68 S.W.3d 285, 286 (Tex. App.—Waco, order), disp. on merits,
76 S.W.3d 203 (Tex. App.—Waco 2002, no pet.).

                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray dissenting)
Order issued and filed December 11, 2002
Publish