

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00155-CV

DIANE V. WADE, APPELLANT

V.

DAVID'S LANDSCAPING AND
DAVID'S LANDSCAPING, INC., APPELLEES

On Appeal from the 419th District Court
Travis County, Texas
Trial Court No. D-1-GN-13-004070, Honorable Amy Clark Meachum, Presiding

June 11, 2015

ORDER

NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Diane V. Wade filed notice of appeal from a judgment "signed on or after December 18, 2014," granted on the no-evidence summary judgment motion of appellees David's Landscaping and David's Landscaping, Inc. The appeal was transferred from the Third Court of Appeals to this Court, by order signed March 24, 2015 by the Supreme Court of Texas in its Misc. Docket No. 15-9054.

Subsequently, counsel for Wade filed a letter informing us that a final judgment had not been signed in the case. We now have received a supplemental clerk's record containing the trial court's letter dated December 18, 2014, informing counsel of the granting of the defendants' motion for summary judgment, and requesting that Robert A. House, counsel for the defendants, prepare an order reflecting the court's ruling. No final judgment appears in either the original or the supplemental clerk's record. *See Perdue v. Patten Corp.,* 142 S.W.3d 596, 603 (Tex. App.—Austin 2004, no pet.) (letter purporting to grant motion for new trial and filed with court clerk was not an "operative order" because it also directed counsel to prepare an order).

As a general rule, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). To be final, a judgment must dispose of all issues and parties in the case. *Id.* at 205. A premature notice of appeal may be given effect under Rule of Appellate Procedure 27.1(a). *See* Tex. R. App. P. 27.1(a).

Like other courts of appeals, we are willing to wait a reasonable time for the trial court to sign a final judgment when a premature notice of appeal has invoked our jurisdiction. *See Rowe v. Watkins*, No. 08-09-00001-CV, 2009 Tex. App. LEXIS 6703, *4 (Tex. App.—El Paso August 26, 2009, no pet.) (mem. op.); *Cook v. Lernout & Hauspie Med. Servs. Div.,* 68 S.W.3d 285 (Tex. App.—Waco 2002, no pet.) (both stating similar willingness).[1] But if a supplemental record containing a final judgment is

---

[1] *Lernout & Hauspie* also involved a case transferred from one court of appeals to another. 68 S.W.3d at 286. The court there noted that the Supreme Court's transfer orders typically provide that a case is "filed" in a court of appeals when it receives the notice of appeal. The court further noted under that typical wording, the transferee court is put in the same position as the transferring court when a notice of appeal has been prematurely filed. *Id.* (citing *Health Care Centers of Texas, Inc. v. Nolen*, 62

not filed with the clerk of this Court on or before July 23, 2015, we will dismiss this appeal for want of jurisdiction. TEX. R. APP. P. 42.3; *Lehmann,* 39 S.W.3d at 195.

Per Curiam

---

S.W.3d 813, 815 (Tex.App.—Waco, 2001, no pet.). Such is the case here. The Supreme Court's March 24, 2015 transfer order contains the typical language. Wade's notice of appeal was filed in the Third Court on March 18, 2015. The transfer order directed the transfer from the Third Court to the Seventh Court of certain cases filed in the Third Court on or after March 2, 2015. That the notice of appeal was prematurely filed does not affect the validity of the transfer or this Court's jurisdiction over the appeal. *See* TEX. GOV'T CODE ANN.§ 73.002 (West 2013) (jurisdiction of transferred case).